HENDRY, Judge.
In 1938, Julia Payne, as plaintiff, obtained a divorce from her husband, Reginald Payne, now deceased. The final decree read in part as follows:
“That the home place, together with the home thereon and described as follows:
“The Northwest (NWJ4) Quarter of Lot 14, Block 27, Waddell’s Addition to the Town of Miami, according to the plat thereof, recorded in Plat Book “B”, at page 53 of the Public Records of Dade County, Florida, the same being a strip of land located as follows:
“Starting at the Northwest (NW) corner of said lot and extending eastward along the north lot line fifty (50) feet; thence due south for a distance of thirty (30) feet; thence due west for a distance of fifty (50) feet; thence due north a distance of thirty (30) feet to the point of beginning, together with the furnishings therein
be and the same is hereby awarded unto the plaintiff, Julia Payne, for her life time and upon her death the same shall go to the surviving children of the parties hereto.
“That the defendant shall pay all taxes, insurance assessments, electric and water bills in and upon said home during the life time of said Julia Payne, as long as she shall remain single or until further order of this Court.”
This decree was modified in 1958 to delete the obligation to pay electric and water bills on the home, in return for which the defendant paid the sum of $4,000.00 to the plaintiff.
In 1965, Reginald Payne died testate, leaving all of his property to his second wife, Hertie Payne, whom he also named as executrix. Until his death, Reginald Payne had paid all sums for which he was obligated under the 1938 decree and the 1958 amendment. At the time of his death, there were no arrearages.
Within the time required by law, Julia Payne filed her claim in probate against the estate of Reginald Payne for payment of the obligations enumerated above. The claim was rejected by the executrix, whereupon Julia Payne petitioned for a rule to *592 show cause why the executrix should not be made to pay the claims out of the estate. The rule was issued by the court which had rendered the decree, and a hearing was held. Upon motion of the executrix, the rule was discharged, and it is from the order discharging the rule that Julia Payne brings this appeal.
The issue before us is simply whether the obligations created in paragraph 5 of the final decree of divorce dated December 5, 1938, survive the decedent to become obligations of his estate. This question must be answered in the negative.
At the outset, we must point out that paragraph 5 of the 1938 decree can not be considered as an award of “lump sum” alimony. Section 65.08, Fla.Stat., F.S.A. was amended in 1947 to provide specific authority for the granting of “lump sum” alimony. See Chapter 23,894, Acts of 1947, Laws of Florida. As previously mentioned, the final decree herein was rendered in 1938. Chapter 23,894, supra, has been held not to apply retroactively; hence, it is manifest that no court could properly have awarded “lump sum” alimony prior to 1947. See Aldrich v. Aldrich, Fla.1964, 163 So.2d 276; Welsh v. Welsh, 160 Fla. 380, 35 So.2d 6 (1948).
Nor are we persuaded by the argument that the decree created in Julia Payne vested property rights incapable of being modified or destroyed. In this respect, we rely on the case of Helsel v. Helsel, Fla. App.1962, 138 So.2d 99, which is supported by the later case of Glasser v. Glasser, Fla.App.1965, 178 So.2d 749. This court, in the Helsel case, stated at 138 So.2d page 100:
“The appellant further contends that the chancellor erred in making disposition of the marital property in his decree. We conclude that the appellant’s contention in this regard has merit. The result of the chancellor’s decree, insofar as it relates to the marital property, was to effect a partition of the jointly owned properties of the parties without observing the requirements of specific statutory direction normally applied in a suit for partition. See §§ 66.01-66.09, Fla.Stat, F.S.A. As a general rule, in absence of an agreement of the parties or appropriate pleadings for such relief, a chancellor is without authority to affect what might amount to a property settlement between parties to a divorce action, and can not dispose of property belonging to the parties as a; mere incident to divorce * * (citing authorities) * * *. Once the marriage has been dissolved, the parties become tenants in common of such real property formerly held as an estate by the entireties. Section 689.15, Fla.Stat., F.S.A. Thereafter it is up to them to determine whether the property should be partitioned in accordance with the requirements of §§ 66.01-66.09, supra, or disposed of otherwise.”
We find this language sufficient to preclude the proposition that paragraph 5 of the decree created vested property rights in Julia Payne.
All other possibilities having been exhausted, there is but one remaining alternative. Paragraph 5 of the decree must be regarded as an award of permanent alimony. This conclusion is reinforced by the following facts:
(a) the decree and the rights flowing therefrom were capable of being modified, as indeed they were modified in 1958,
(b) there was no specific sum which could be considered to have been due and owing at any particular point of time and,
(c) the purpose of the award is characteristic of permanent alimony, that purpose being the support and maintenance of the family through preservation of the dwelling place.
Having concluded that this is a case concerning permanent alimony, we reach the further conclusion that the case of In re Estate of Freeland, Fla.1965, 182 *593 So.2d 425, is directly controlling. The opinion in Freeland states at page 426:
“By weight of authority and in this state, alimony awarded by a chancellor terminates upon the death of either of the parties or upon the remarriage of the wife.- The exception to the general rule is allowed where there is a contract or an agreement clearly evidencing the intention of the husband to bind his estate to continue payments in the nature of alimony after his death.”
The record discloses no agreement expressing the intention of the deceased. Therefore, the death of Reginald Payne had the effect of terminating the payments due under paragraph 5 of the 1938 decree, and his estate can not be held to account for such payments. On the basis of the foregoing, we hold that the rule to show cause was properly discharged, and accordingly, we affirm.
Affirmed.