OWEN, Judge.
More than two years after a final judgment of divorce, appellant wife filed a petition to vacate as void that portion of the judgment which had awarded to ap-pellee husband the exclusive possession of the marital domicile, title to which had been held jointly. This interlocutory appeal is from the order denying that petition.
Appellant was the plaintiff in the divorce suit and asked to be awarded exclusive possession of the marital domicile. Appellee counterclaimed for divorce and asked that he be declared the sole owner of the property on the basis of an alleged special equity therein. Thus, the court had jurisdiction over the parties and the subject matter. The final judgment contained no finding of a special equity in the real property, and hence title to the same was controlled by statute, F.S. Section 689.15, F.S.A. The judgment did award exclusive possession to the husband. While that portion of the final judgment awarding to the husband exclusive possession of the residence property owned by the parties as tenants of an estate by the entirety may have been erroneous and subject to reversal on direct appeal, Watson v. Watson, Fla.App.1971, 246 So.2d 131; Doran v. Doran, Fla.App.1968, 212 So.2d 100; Berger v. Berger, Fla.App.1966, 182 So.2d 279, it did not render the judgment void so as to entitle appellant to any relief under Rule 1.540 RCP, 31 F.S.A. No appeal was taken from the final judgment, and its provisions, erroneous or not, are binding on appellant.
The petition having failed to set forth a valid basis for relief under Rule 1.540 RCP, the trial court did not err in denying the same. Because this determination is dispositive of the appellate issue, we omit discussion of other reasons upon which the same conclusion could be based.
Affirmed.
REED, C. J., concurs.
CROSS, J., dissents, without opinion.