LEE, J. CAIL, Associate Judge.
The marriage of appellant-husband and appellee-wife was dissolved in February 1974. In the Final Judgment the wife was granted exclusive possession of the jointly owned house until it was sold. An approximate $9,000 mortgage balance encumbered the house, the mortgage having been obtained to buy á fishing boat for the husband, title to which was taken in the name of the husband alone. About a year after *353 the dissolution of marriage the husband filed a complaint praying for partition and sale of the home. A buyer was found for the house and the parties entered into a stipulation that $9,000 from the proceeds of the house would be placed in the Suspense Docket for court determination of ownership. This $9,000 equaled the amount withheld from the sale proceeds to pay off the mortgage. The Court then ordered the $9,000 to be distributed to the wife. It is from this order that this appeal is taken.
The court below, in its Final Judgment of Dissolution, made no finding of a special equity in the home on behalf of the wife. Therefore, title to the home was controlled by statute, to-wit: Section 689.-15, F.S.A. That statute, in pertinent part, says:
“. . . and in cases of estates by entirety, the tenants, upon divorce shall become tenants in common.”
Accordingly, the court below erred in its order of March 20, 1975, in holding that the ex-wife had more than a tenant in common interest in the subject property when it was sold. Distribution of the aforementioned $9,000 proceeds should have been made in accordance with the parties’ equal tenant in common interest in the premises. See Cribb v. Cribb, 261 So.2d 566 (Fla.App.4th 1972).
Therefore, it is not necessary to reach or consider the question of whether the original trial court had jurisdiction to even consider the matter of distribution of the subject proceeds.
This cause is reversed and remanded to the Court below for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
OWEN and MAGER, JJ., concur.