341 So.2d 833 (1977)
Albert ROSS, Appellant,
v.
Sadie ROSS, Appellee.
Nos. 76-50, 76-189.
District Court of Appeal of Florida, Third District.
January 25, 1977.
Rehearing Denied February 18, 1977.
*834 Snyder, Young, Stern, Barrett & Tannenbaum and William L. Rogers, North Miami Beach, for appellant.
Fine, Jacobson, Block, Goldberg & Semet and Mitchell R. Bloomberg, Miami, for appellee.
Before HENDRY, C.J., PEARSON, J., and CHARLES CARROLL (Ret.), Associate Judge.
PEARSON, Judge.
We are presented here with an appeal by the petitioner-husband, Albert Ross, in a dissolution of marriage action and a cross-appeal by the respondent-wife, Sadie Ross, in the same action.[1] In the final judgment of dissolution, the trial judge found that the wife was entitled to both lump sum and periodic alimony. Accordingly, he awarded her, as lump sum alimony, the husband's interest in the home of the parties (a condominium in Aventura, Dade County, Florida) including the personal property and furnishings therein, and provided, as well, that the husband purchase a new automobile for the wife at a cost of between $6,000 and $6,500, with title to be placed in the wife's name. As periodic alimony, the judge awarded the wife $1,000 per month until her death or remarriage. Also, he awarded to the wife an equal division of all the stocks, bonds and bank accounts of the parties. Further, the New York apartment owned by the parties was to be held by them as tenants in common, the wife was to return to the husband his first wife's diamond bracelet and flatware and the husband was to pay reasonable attorney's fees and court costs. The husband has appealed, and the wife cross-appealed, from these provisions.
It is the husband's position that the trial court abused its discretion by making findings of fact unsupported by the record, unfairly appraising the evidence before it, committing abuses of discretion in entering an award of alimony, costs and attorney's fees not commensurate with the needs of the wife and the ability of the husband to pay and, finally, in making an award of periodic alimony that would be a charge against the husband's estate where the husband neither stipulated nor agreed to have his estate so bound, and where the wife was possessed of substantial assets.
The wife's cross-appeal questions the adequacy of the provisions for periodic alimony *835 in view of her monthly needs and the continuing ability of the husband to provide for her in a manner reasonably commensurate with the standard of living he provided for her during the marriage. In addition, the wife alleges error in the trial court's providing neither a monetary award of lump sum alimony nor requiring the husband to transfer his interests in the jointly-held stocks and bonds and joint savings account as additional lump sum alimony. Finally, the wife alleges error in the trial court's ordering her to return to the husband the diamond bracelet and flatware.
The husband and wife are now 69 and 61 years of age respectively. This was the wife's fourth marriage and the husband's second. Each party has children by prior marriages and both parties have transferred assets to their own children. The wife, at the time of this present marriage, had assets somewhere between $60,000 and $64,000. The parties were married in 1963 and maintained a high standard of living throughout their marriage. In 1972, they moved to Florida, taking up residence in a condominium in Aventura. The wife's assets had dissipated by this time. In 1973, the husband sold two businesses to his sons, receiving promissory notes for $39,000 and $48,500. Up to 1973, the parties had a stable marital relationship. Thereafter, the husband was diagnosed as having cancer and underwent a colostomy operation. The result was a breakdown in the marriage whereby the husband found his wife assuming an attitude of harassment and constant nagging. The wife's position was one of upset due to her belief that her husband's assets were being transferred to his sons under the "undue influence" of the latter. To gain some relief, the husband executed a joint will with his wife by which all assets remaining at the death of either party would pass to the other with the survivor dividing the estate among his or her respective children from the former marriages. The wife, as of the date of the will, had divested herself of her solely-owned assets, a fact unknown to the husband at that time.
Ten months later, on March 13, 1975, Albert Ross moved out of the marital home. The next day, his wife, Sadie Ross, left for New York with a $10,000 bearer bond and jewelry that had previously belonged to the husband's first wife. In New York, she opened a checking account with the proceeds of the bond. At the same time, on March 14, 1975, Albert Ross filed his petition for dissolution of marriage, which prayed for a temporary injunction without notice restraining the wife's transfer, hypothecation or disposition of any assets held in the joint names of the parties. The same day, a temporary restraining order with regard to these assets was issued and was filed the following day. In answering the petition, the wife raised affirmative defenses and counterclaimed for temporary and permanent alimony, both lump sum and periodic, court costs and attorney's fees, and for the periodic alimony "... to be charged against the Husband's estate in the event he predeceases her." Thereafter, the husband answered the counterclaim and replied to the affirmative defenses. Discovery was undertaken and pursuant to statements in the wife's deposition, the husband sought an extension of the temporary restraining order to protect the funds remaining from the bearer bond. The court deferred ruling on the matter until the final hearing, which took place on November 26, 1975. At that final hearing, the court entered its final judgment of dissolution, made various awards as discussed above and dissolved the temporary restraining order, holding that because the wife has been without funds to live on since the husband moved out of the marital home, the proceeds from the $10,000 bearer bond were properly used by her for living expenses. The total of assets accruing to the wife from the date of the final judgment was a total of some $129,000. The final judgment, so entered, resulted in this appeal by the husband.
We are presented a total of six points addressed to the final judgment by the appeal and the cross-appeal. All of the points are, in essence, arguments either that the trial court abused its discretion in the *836 amount of specified awards or that the evidence does not support that particular award. As to the points urging an abuse of discretion, we must be mindful of the holding of the Supreme Court of Florida in Shaw v. Shaw, 334 So.2d 13, 16 (Fla. 1976), where the court, in quashing this court's opinion, said:
* * * * * *
"It is not the function of the appellate court to substitute its judgment for that of the trial court through re-evaluation of the testimony and evidence from the record on appeal before it. The test, as pointed out in Westerman, [Westerman v. Shell's City, Inc., 265 So.2d 43 (Fla. 1972)] supra, is whether the judgment of the trial court is supported by competent evidence. Subject to the appellate court's right to reject `inherently incredible and improbable testimony or evidence,' it is not the prerogative of an appellate court, upon a de novo consideration of the record, to substitute its judgment for that of the trial court."
* * * * * *
We have, therefore, reviewed this record to determine whether the various awards are "supported by competent evidence." We hold that the awards which (1) ordered the husband (a) to transfer as lump sum alimony his interest in the Aventura condominium and the furnishings, and (b) to purchase a new car for the wife costing between $6,000 and $6,500 with the title to be placed in her name, (2) ordered jointly held stocks and bonds and bank accounts of the parties be equally divided, (3) ordered that title to the New York apartment remain in both parties' names as tenants in common, (4) ordered husband to pay court cost, and (5) ordered the wife to return to the husband a diamond bracelet (wristwatch) and flatware are all supported by evidence which, if believed by the trial judge, is a sufficient support for the various awards and the amount awarded.
In two particulars, however, we find that the trial judge made awards which are not supported by the record. First, the award in the final judgment of attorney's fees to the wife is not supported by the facts of the financial positions of the parties. The wife's assets as of the final hearing were demonstrated to be as follows: (a) $38,500 representing her 50% interest in the joint stocks and bonds, (b) her 50% interest of $14,000 in the joint savings account and certificates of deposit, (c) the $4,000 equity (at 50%) of the Aventura condominium; (d) $5,000 representing her joint interest in the furniture and furnishings in the Aventura condominium, (e) $39,000 representing the $50 per week received by the wife from the estate of Harold Klahr multiplied by the wife's life expectancy according to the mortality table read into evidence, (f) a $10,000 certificate of deposit in the name of Sadie Ross in trust for her three children at the Financial Federal Savings & Loan Association, (g) approximately $15,000 in the Jamaica Savings Bank in the wife's name in trust for her son Leonard Klahr, (h) miscellaneous savings accounts at Financial Federal Savings & Loan Association in the wife's name in trust for her grandchildren, totaling approximately $2,100, and (i) the $2,070.05 balance in the wife's checking account in the Chase Manhattan Bank in New York. The foregoing assets of the wife total $129,670.05. The wife asserts that, properly viewed, these items total only $90,000. The purpose of the allowance of attorney's fees in a final judgment dissolving a marriage is to preclude the possibility that one party, because of lesser financial resources, will be put in a disadvantageous position during the litigation. Mertz v. Mertz, 287 So.2d 691 (Fla.2d DCA 1973); cf. McFarlin v. McFarlin, 75 So.2d 580 (Fla. 1954). In the instant case, where substantial wealth is possessed by each party, there is no need to require one party to pay the attorney's fee for the other. We, therefore, reverse the award of attorney's fees to the wife.
A second point on which the evidence does not support the judgment is the provision that the periodic alimony is to become a charge against the husband's estate in event the husband shall predecease the wife. This provision is not spelled out *837 in the judgment and may not have been intended by the trial judge but both parties argue that this is the result of the language of the judgment. Such an award is approved by the courts only when special circumstances enter into the settlement of the financial affairs upon the dissolution of a marriage. See First National Bank of St. Petersburg v. Ford, 283 So.2d 342 (Fla. 1973); see also Plant v. Plant, 320 So.2d 455 (Fla.3d DCA 1975); and Aldrich v. Aldrich, 163 So.2d 276 (Fla. 1964). Alimony is for the support of a former marriage partner and is in the place and stead of support that the partner would have received in marriage. See Simon v. Simon, 123 So.2d 41 (Fla.2d DCA 1960). Here, there is no evidentiary basis in the record for the continuation of support for the wife after the death of the husband. Accordingly, the judgment should be amended to provide that periodic alimony is to be paid only during the life of the husband.
In all other provisions except as provided in this opinion, the judgment is affirmed.
Affirmed in part, reversed in part and remanded for the entry of an amended judgment in conformity with the views expressed herein.
NOTES
[1] A notice of appeal was timely filed following the final judgment. However, a subsequent timely petition for rehearing by the wife prompted a second timely notice by the husband in order to protect his appeal. The two appeals were subsequently consolidated.