350 So.2d 786 (1977)
Lawrence BUCCI, Appellant,
v.
Anna D. BUCCI, Appellee.
Nos. 76-1607 and 76-2132.
District Court of Appeal of Florida, Third District.
September 13, 1977.
Rehearing Denied November 1, 1977.
*787 Martin D. Kahn, North Miami, for appellant.
Snyder, Young, Stern, Barrett & Tannenbaum and Paul R. Lipton, North Miami Beach, for appellee.
Before HENDRY, C.J., and PEARSON and BARKDULL, JJ.
PEARSON, Judge.
These appeals are from a final judgment of dissolution of marriage and a post-judgment order awarding the wife attorney's fees. The husband, Lawrence Bucci, urges error upon two of the provisions of the final judgment dissolving his marriage to Anna D. Bucci. He urges that the court erred in granting the wife periodic alimony in the amount of $750 per month and in granting the wife the marital home as lump sum alimony. On this appeal from the post-judgment order, he urges error in the allowance of an attorney's fee of $7,500 to the wife. The husband has also presented two other points, the first of which is procedural in nature, the other urging the application of rehabilitative alimony. As neither point presents error, no discussion is called for.
The parties to this marriage are both members of endangered species. The husband is a small businessman who operates on a cash basis, owes no one, has no credit history, and has accumulated some thousands of dollars in property, all of which is free of encumbrances. The wife is a housewife and nothing more. She helped her husband for some six months when he was first starting his business, then raised a family and since then has not been employed and has no training. At fifty-two years of age, she has little prospect of earning a living unless she is willing to return to school to learn a trade. The marriage itself was unusually durable, having survived thirty-two years of hard work and the troubles incident to raising a family.
The properties owned by the parties consist of the following: (1) the marital residence, for which the record gives an approximate value of $70,000; (2) the real property upon which the husband operates his business, estimated by the parties at a value of $75,000; (3) real property in Port St. Lucie, Florida, valued by the parties at $20,000; (4) real property in Delray Beach, Florida, valued by the parties at $20,000; and (5) a parcel of land sold by the parties during the pendency of the dissolution action for $49,161.60. This amount was held in escrow pending the final judgment. All of these properties were held in an estate by the entirety.
The trial judge correctly held that the parties became tenants in common of all these properties upon the dissolution of marriage except the marital residence property, with regard to which he held as follows:
"B. The Respondent, LAWRENCE H. BUCCI, is ordered to pay to the Petitioner, ANNA D. BUCCI, as and for periodic alimony, the sum of Seven Hundred Fifty Dollars ($750.00) each month commencing *788 on the first day of each month and continuing thereafter on the first day of each and every month until her remarriage or her death, whichever occurs first. In addition to the foregoing periodic alimony payments, the Petitioner, ANNA D. BUCCI, is awarded as and for lump sum alimony all right, title and interest in the home of the parties located at 830 N.E. 115th Street, Miami, Florida, together with all of the furnishings, fixtures and equipment located therein ..."
* * * * * *
The trial judge made extensive findings of fact:
"3. The parties were married to each other on September 1, 1944 and cohabitated as Husband and Wife until a few years preceding the final hearing in this cause.
"4. There were two children born of this marriage, LAURA and ADELE, both of whom have reached their majority and are living separate and apart from their parents and are fully emancipated.
"5. That this is a marriage of approximately thirty-two (32) years duration, during which time the Wife maintained the marital home faithfully and raised two healthy responsible children who have now reached majority.
"6. The Wife is fifty-two years old and the Husband is fifty years old. The Wife is a graduate of high school. The Wife has never worked, except for approximately six (6) months during 1952 when the parties first moved to Florida and they purchased a Shell Service Station. During that six (6) month period of time the Wife, not only maintained the marital home and raised the children, but pumped gas, serviced cars and assisted the Husband in the service station without receiving any salary. As a result of this joint effort, the business began to flourish and today the Husband owns his own paint and body shop.
"7. During the later years of the marriage, irreconcilable differences arose causing the parties to live separate and apart for approximately two (2) years prior to the final hearing in this cause.
"8. That during the course of the marriage, the Husband worked on a regular basis and has been the sole means of support to the Wife. The Husband always furnished the Wife with a car and all expenses to her daily needs and maintenance. The Husband's business has largely been one based on cash and during the years of the marriage the parties purchased and now own extensive parcels of real property as tenants by the entirety. All the property is owned free and clear and totally unencumbered from any mortgage or debt. The unencumbered parcels owned are: Four lots in Port St. Lucie, Florida; Eight lots in Delray Beach, Florida (as testified to by the parties and offered into evidence); Business property located at 1501 N.E. 130th Street, North Miami, Florida; Marital home located at 830 N.E. 115th Sreet, Miami, Florida.
"9. The parties sold a parcel of land to Southern Bell Telephone and Telegraph Company and received $49,161.60. Said amount is being held in a savings account at First Federal Savings and Loan Association of Miami.
"10. During the course of the marriage the Husband maintained a good standard of living for his family without becoming indebted to anyone.
"11. The Court has reviewed the financial affidavits submitted by the respective parties. The Wife does not have the capacity or ability to support herself in the standard of living maintained by the Husband, while a review of the Husband's financial affidavit and testimony as to the standard he maintained for his family and the lack of indebtedness to anyone, supports the finding that the Husband has the capacity and ability to provide for his own financial needs and that of the Wife."
Turning first to appellant's point urging error as to the amount of the periodic alimony, we find no error. The appellant has not been able to point out where any of the findings of fact made by the trial judge *789 were not supported by the evidence. It is true that the parties' joint income tax returns for the past several years do not reflect an income from the paint and body shop sufficient to justify a monthly award of $750. However, there is evidence in the record, which the trial judge obviously believed, that the husband has available other resources. This evidence is reasonable because of the relatively high standard of living that the parties have enjoyed in the last few years. We have previously had occasion to point out that where a husband has set a standard of living different from his ledger sheets and has maintained that standard over some period of time, the court is justified in holding that he has funds which are not visible. See Klein v. Klein, 122 So.2d 205 (Fla. 3 DCA 1960); Farbman v. Farbman, 208 So.2d 648 (Fla. 3d DCA 1968). The Supreme Court of Florida has approved the proposition that the amount of alimony need not always be measured by the present earnings of the husband. See Keller v. Keller, 308 So.2d 106 (Fla. 1974).
Appellant's point directed to that portion of the judgment awarding the marital home to the wife as lump sum alimony points out that there are no minor children or dependents to use the home except the wife. Appellant urges that where the wife has received substantial property as a result of the dissolution of the marriage, that she ought not be awarded the home merely because it is a convenient place for her to live. The court clearly has the authority to order the husband to convey to the wife his undivided interest in property they own as tenants in common as lump sum alimony. See Jones v. Jones, 330 So.2d 536 (Fla. 1st DCA 1976). However, as pointed out in that case, lump sum alimony should be awarded only in those instances where some special equity requires it, and it is justified only where it serves a reasonable purpose such as rehabilitation or the protection of children, which is of advantage to both of the parties. This record is devoid of any proof or claim of a special equity in any of the various properties held by the entirety. The Supreme Court of Florida in the recent case of Ball v. Ball, 335 So.2d 5 (Fla. 1976), held:
"The premise that record title bespeaks an equal division is, of course, only the starting point for a property division. Either spouse has the right to attempt to establish a `special equity' in the realty by reason of his or her extraordinary contribution toward its acquisition, either financially or through personal industry and service to the other party. The other party, of course, can negate the attempted showing or affirmatively attempt to show that a gift was intended. We are not now called upon to determine the range of circumstances which might create a special equity. Consistent with prior decisional law, however, we hold that a special equity is created by an unrebutted showing, as was developed here, that all of the consideration for property held as tenants by the entireties was supplied by one spouse from a source clearly unconnected with the marital relationship. In these cases the property should be awarded to that spouse, as if the tenancy were created solely for survivorship purposes during coverture, in the absence of contradictory evidence that a gift was intended."
As has been pointed out in Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976):
"The requirement that lump sum alimony be based upon special equities must not be confused with an award in a dissolution of marriage action to a spouse who has acquired a special equity in property accumulated during the marriage."
We have searched the record for any basis for the trial judge's finding that the wife is entitled to lump sum alimony. The home and all of its improvements were simply the result of the joint effort of the marriage partners. As a result of the dissolution of marriage, the wife is in as good a financial position as the husband. In fact, she owns a one-half interest in the property on which the husband's business is conducted. As was pointed out in Steinhauer v. Steinhauer, 252 So.2d 825 (Fla. 4th DCA 1971), a *790 wife does not become entitled to the marital home by the fact that she is a good wife. In that case, it was held that a jointly held domicile ought to be divided equally between the partners with the wife's and the husband's financial contribution to acquisition of the property to be considered as gifts to each other. Also cf. Hanzelik v. Hanzelik, 294 So.2d 116 (Fla. 4th DCA 1974). Our holding is that in the present case the record does not support the award of the marital residence to the wife either because of a special equity or because of a need for lump sum alimony.
Following the final judgment, the trial court awarded to the wife's attorney the sum of $7,500 as attorney's fees. The husband has appealed the order. He urges that the order requiring him to pay the wife's attorney is not supported by the final judgment which shows that the wife has approximately the same resources that he does and that she is the owner of substantial property including the liquid assets from the sale of the property sold during litigation. We agree and reverse the order assessing attorney's fees. In Patterson v. Patterson, 348 So.2d 592 (Fla. 1st DCA 1977), opinion filed June 30, 1977, the court reversed an order allowing attorney's fees for a post-judgment proceeding relative to child support. We recognize that the fee allowed in the present instance was not for a post-judgment proceeding but for the dissolution proceeding. Nevertheless, we think that the principles set forth in the Patterson opinion are the ones applicable for an award of an attorney's fee in a dissolution proceeding. The court stated:
* * * * * *
"To support an award of attorney's fees, the prevailing party must establish that the fee is reasonable, that the requesting party is unable to pay the fee, and that the opposing party is able to pay. 10A Fla.Jur., `Dissolution of Marriage, etc.', Sections 225, 229. See also Johnson v. Johnson, 346 So.2d 591 (Fla. 1st DCA 1977). It is not, of course, necessary that the requesting party, in order to establish inability to pay, be proven destitute. But, as the statute recites, the financial resources of both parties must be considered and when the requesting party has been shown to have the ability to pay for the services of his or her attorney then it is improper to require payment by the other party even though he or she may have the ability."
* * * * * *
In the cause now before us, it is apparent that the wife has extensive financial resources and that although the visible property is equally divided, the husband is burdened with the payment of periodic alimony. We hold, therefore, that the need of the wife for attorney's fees has not been established and that the award must be reversed. See the rule in McKennon v. McKennon, 312 So.2d 804 (Fla. 1st DCA 1975); and cf. Ross v. Ross, 341 So.2d 833 (Fla. 3d DCA 1977).
Accordingly, the final judgment is affirmed in part and reversed as to the award of the marital residence which shall remain as an estate in common. The order awarding attorney's fees is also reversed.