360 So.2d 1133 (1978)
Anthony Francis DI MARTINO, Appellant,
v.
Nancy Connors DI MARTINO, Appellee.
No. 77-1439.
District Court of Appeal of Florida, Third District.
July 18, 1978.
*1134 Harry Zukernick, Miami Beach, Alfred J. Anton, Miami, for appellant.
Fields & Garfield and Neil F. Garfield, Fort Lauderdale, for appellee.
Before HENDRY, J., and HELIO GOMEZ, Associate Judge and CHARLES CARROLL, (Ret.), Associate Judge.
GOMEZ, Associate Judge.
The appellee-wife (petitioner below) filed a complaint for divorce in which complaint there was no allegation or claim of any special equity in the marital home of the parties owned as tenants by the entirety. In the final judgment of divorce of April 15, 1971, the court awarded the appellee exclusive use and possession of the premises and ordered that upon a remarriage, death or removal of the wife, the residence was to be sold and the proceeds distributed in the following manner:
"1. The value of the said residence is established between the parties as of the date of final hearing in this cause to be $20,000.00. The premises are encumbered by a mortgage in the sum of $8,478.85, as of the date of final hearing.
"A) If the property is sold for the sum of $20,000.00 or more:
"(i) The husband shall be entitled to receive $5,760.58 less one-half (1/2) of all seller's fees, commissions and other costs incident to the sale.
"(ii) The balance of the proceeds of the sale shall be distributed to the wife, less balance of mortgage and balance of seller's fees, commissions and other costs incident to the sale.
"B) If the property is sold for less than the sum of $20,000.00:
"(i) The husband shall be entitled to receive one-half (1/2) of the sales price less $4,239.42 (being one-half of the outstanding mortgage as of final hearing date) and less one-half of all seller's fees, commissions and other costs incident to the sale.
"(ii) The balance of the proceeds of the sale shall be distributed to the wife, less balance of mortgage and balance of seller's fees, commissions and other costs incident to the sale."
In April, 1977, appellee submitted to the appellant a deposit receipt for sale of the former marital home at a price of $35,000.00 and the warranty deed for execution by the appellant, and the appellant was advised that he would receive $4,216.33 from the sale.
By letter of April 26, 1977, the appellant asserted his right, title and interest in and to one-half of the net proceeds of the sale of the property after acknowledging the wife's right to recover the mortgage payments made by her subsequent to the divorce.
*1135 The appellee filed a petition to compel compliance with final judgment seeking to compel the appellant to execute the warranty deed to the premises and to receive only those proceeds set forth in paragraph 6 of the final judgment of divorce. After a hearing the court entered its order dated June 14, 1977 to compel appellant's compliance with final judgment wherein the court granted the appellee sole ownership of the premises and vested title solely in the appellee without necessity for execution of any deed or other documents and also assessed the cost of the proceedings including attorney's fees against the appellant.
From this order of June 14, 1977 this appeal is taken.
The point raised in this appeal is whether or not the trial court had the jurisdiction and authority to enter an order divesting the appellant of his one-half interest in the marital home.
We hold it did not.
Where a final judgment contains no finding of special equity in property, title is controlled by Section 689.15, Florida Statutes (1977); Cribb v. Cribb, 261 So.2d 566 (Fla. 4th DCA 1972). Said statute provides that in cases of estates by entirety, the tenants, upon divorce, shall become tenants in common.
Generally, in the absence of an agreement between the parties or appropriate pleadings praying for partition of jointly owned property upon entry of a divorce judgment, the court is without jurisdiction to dispose thereof. Kitchens v. Kitchens, 162 So.2d 539 (Fla. 3d DCA 1964). Neither does the court have jurisdiction to effect what might amount to a property settlement between the parties. Helsel v. Helsel, 138 So.2d 99 (Fla. 3d DCA 1962)
In a divorce judgment, an order of sale of property held as tenants by entirety is unauthorized. The parties become tenants in common. Weinstein v. Weinstein, 148 So.2d 737 (Fla. 3d DCA 1963). For the period after the divorce decree, the ex-wife should be entitled to credit for the portion of mortgage principal, interest, taxes, insurance and repairs she has paid which are allocable to the husband's interest to be determined upon sale. Lyons v. Lyons, 208 So.2d 137 (Fla. 3d DCA 1968).
While a portion of the final judgment of divorce may have been erroneous and subject to reversal on direct appeal, it does not per se render the judgment void; and, where no appeal is taken from the final judgment, its provisions, erroneous or not, are binding on the parties. Cribb v. Cribb, supra.
In the case sub judice, the complaint for divorce did not contain any pleadings for partition or for special equity. There was no finding of special equity in the final judgment of divorce, and there was no reservation of jurisdiction by the court in the final judgment. Hence, upon entry of the final judgment of divorce, the appellant became a tenant in common with one-half interest in the property.
In the order from which this appeal is taken, the lower court was without jurisdiction and authority to divest the appellant of his one-half interest in the property. Any subsequent sale of the property would have to be by agreement of the parties, or, in the absence of such agreement, by the statutory remedy of partition. In a partition action, the interpretation and effect of the provisions of the final judgment, which was not appealed, upon appellant's interest would be issues to be determined by the court having jurisdiction over the partition action.
We hold, therefore, that the lower court erred in entering the order of June 14, 1977 because it was without jurisdiction and authority to divest the appellant of his one-half interest in the property.
Reversed.