385 So.2d 107 (1980)
William B. PARHAM, Appellant,
v.
Janis M. PARHAM, Appellee.
No. 79-1623.
District Court of Appeal of Florida, Third District.
June 10, 1980.
*108 Roger A. Bridges, Coral Gables, for appellant.
Betty Kessler, Miami, for appellee.
Before SCHWARTZ, NESBITT and DANIEL PEARSON, JJ.
DANIEL PEARSON, Judge.
The husband appeals from so much of a final judgment of dissolution of marriage which provided that he pay to the wife permanent alimony in the amount of $650 per month, that the alimony survive his death and be a charge against his estate, and that he quit-claim his one-half interest in the parties' marital home as lump sum alimony.[1] Finding the amount of permanent alimony to be excessive,[2] its survival as a charge against the husband's estate to be unsupported by any pleadings or evidence, and the lump sum alimony award of the husband's share of the house to be inappropriate, we reverse.[3]
At the time of the proceedings below, William Parham was a dental technician, whose weekly take-home pay was $448, and whose liabilities exceeded his assets by several thousand dollars. Mrs. Parham's net worth, by contrast, was $15,500. Her stated total monthly needs, including child support for their 16 1/2-year-old son, was $900. Her health was reasonably good and she intended to seek employment. The only significant asset owned by the parties was the marital home.
Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), instructs us to approach the several alimony provisions of the trial court's judgment as a whole. Under the judgment appealed from, the husband will retain approximately forty per cent of his take-home earnings after they are reduced by payments of child support[4] and permanent *109 alimony. If the husband were compelled to convey his one-half interest in the marital home as lump sum alimony, he would find himself stripped of all assets and with a negative net worth of approximately $16,000, while the wife's net worth would be almost $30,000. Were the excessive periodic and lump sum alimony awards allowed to remain in effect, the husband's incentive to strive forward would be effectively diminished, McAllister v. McAllister, 345 So.2d 352 (Fla.4th DCA 1977), and the husband's modicum of financial well-being would be transformed to financial misfortune, Canakaris v. Canakaris, supra. We will not hesitate to overturn alimony allowances which exceed the husband's ability to pay. Blum v. Blum, 382 So.2d 52 (Fla.3d DCA 1980).[5]
We now address that part of the trial court's judgment making permanent alimony a charge against the husband's estate. There was neither a pleading nor evidentiary basis for such a ruling. The wife was not elderly or infirm; gainful employment was still within her reach; the husband did not consent; in short, there existed no special circumstance to justify the imposition of this charge. In Re Estate of Freeland, 182 So.2d 425 (Fla. 1965); Aldrich v. Aldrich, 163 So.2d 276 (Fla. 1964); Ross v. Ross, 341 So.2d 833 (Fla.3d DCA 1977); Payne v. Payne, 201 So.2d 590 (Fla.3d DCA 1967). Cf. Weinschel v. Weinschel, 379 So.2d 145 (Fla.3d DCA 1980); Dutton v. Dutton, 379 So.2d 111 (Fla.3d DCA 1979); Watterson v. Watterson, 353 So.2d 1185 (Fla.1st DCA 1978); Blass v. Blass, 316 So.2d 308 (Fla.3d DCA 1975) (holding that in the absence of a special circumstance justifying an award of alimony after death, a trial court cannot order the husband to maintain a life insurance policy for the benefit of the wife).
Accordingly, we reverse and remand this cause to the trial court to redetermine the amount of permanent alimony in accordance with the needs of the wife and the financial ability of the husband. We reverse that part of the judgment awarding the wife as lump sum alimony the husband's interest in the marital home with directions to the trial court to grant the wife's request for partition. We reverse that part of the judgment making the permanent alimony award a charge against the husband's estate. In all other respects, the judgment is affirmed.
Reversed in part; affirmed in part.
NOTES
[1] The written judgment contains no finding that the ordered conveyance is lump sum alimony, but the transcript of the final hearing reflects that this was the trial court's intention. The husband's one-half equity interest was worth $13,750.
[2] We find no error in the trial court's grant of permanent rather than rehabilitative alimony. The error lies in the size of the grant.
[3] Because we find these rulings of the trial court to be error, we need not reach the question of whether the trial court was motivated by a desire to punish the husband for avoiding the court's irrelevant inquiry about the name of a person who introduced the husband to his post-separation female companion. The court, inter alia, said to the unrepresented husband: "It is not going to pay you to have a convenient or an inconvenient memory in this court." Were the husband contemptuous, the court's power to punish such conduct is circumscribed and does not permit such punishment to be in the form of higher awards to the wife. Rosselle v. Rosselle, 366 So.2d 1197 (Fla.3d DCA 1979); Watterson v. Watterson, 353 So.2d 1185 (Fla.1st DCA 1977).
[4] The husband does not appeal the $100 per week child support portion of the judgment. In considering the husband's financial capacity, we may, however, take into account his responsibility to support his minor child. Canakaris v. Canakaris, supra.
[5] The husband argues that the lump sum alimony award of his interest in the marital home is not only unjustified by the evidence, but impermissible in another respect. The wife's petition for dissolution, by separate count, specifically requested partition of the marital home. The husband concedes that a request for alimony is sufficient to place him on notice that alimony in any of its several forms, including lump sum, may be awarded by the trial court under Section 61.08, Florida Statutes (1979). Canakaris v. Canakaris, supra. But, he contends, he was specifically on notice by the wife's partition suit that she did not seek his share of the house as lump sum alimony. We cannot agree with the husband's argument that the partition request disabused him of any notion that a lump sum alimony award in the marital home could be visited upon him. We fully recognize that proper notice is basic to due process. See, e.g., Versen v. Versen, 347 So.2d 1047 (Fla.4th DCA 1977). But in the present case, the claim for alimony was broad enough to encompass a lump sum alimony award, and it was a necessary alternative for the wife to seek partition. See DiMartino v. DiMartino, 360 So.2d 1133 (Fla.3d DCA 1978). Moreover, even if it could be said that the husband was misled, it cannot be said that he was prejudiced thereby, since his defense to a claim for alimony would be the same as his defense to a claim for lump sum alimony.