FRANK D. UPCHURCH, Jr., Judge.
Pursuant to the final judgment of divorce entered in 1971, the husband was required to pay $1,000 per month as permanent alimony and $200 per month per child as child support. The judgment also provided that the payments would be increased or decreased according to the Consumer Price Index using 1971 as the base year.[1]
On March 16, 1976, the husband petitioned for modification of the alimony provision. On April 12, 1976, the motion was granted and the alimony payment was reduced to $750 per month. One month later, the wife moved to hold the husband in contempt for failing to pay the cost of living increase as provided in the final judgment. On June 28, 1976, Judge Smith entered an order which held that the wife was entitled to the cost-of-living increase on the reduced alimony award of $750 after April 12,1976. By implication, the order eliminated the cost-of-living increase prior to April 12, 1976 and changed the base year for calculating the increase from 1971 to 1976.
In 1979, the parties filed another round of petitions: the husband filed a petition to modify the final judgment and the wife filed a motion seeking to hold the husband in contempt for failure to pay the cost-of-living increases and to comply with other provisions of the judgment.
On April 27, 1981, Judge Sturgis entered the order being appealed. This order assessed the cost-of-living increases for alimony and child support for the years 1972 through 1979. For the year 1972, Judge Sturgis multiplied the alimony and child *976 support awards in the amounts as originally provided in the final judgment ($1,000 per month for alimony and $200 per month per child for child support) by the percentage increase in the cost-of-living index from 1971 to 1972. For the year 1973, Judge Sturgis took the alimony and child support awards in the amounts as originally provided in the final judgment unadjusted by the prior increase and multiplied these unadjusted figures by the percentage increase in the cost-of-living index from 1972 to 1973. For the remaining years, the judge continued to multiply the unadjusted alimony and child support awards by the cost-of-living increase measured from the preceding year rather than from the base year.
On appeal, the wife claims that the court incorrectly calculated the cost-of-living increases. The husband has cross-appealed from the order claiming that the court erred in awarding the cost-of-living increase associated with the alimony award for the years 1972 to April 12, 1976.
The purpose of the cost-of-living adjustment was to guarantee the wife in future years the buying power of the original alimony and child support awards. To properly calculate this figure, the original alimony and child support awards must be multiplied by the percentage increase measured from the base year and not from the preceding year. The base year for calculating the cost-of-living adjustment for the child support is 1971.[2]
The base year for calculating the cost-of-living adjustment for the alimony award is 1976. Because of the order entered by Judge Smith, the cost-of-living adjustment applies only after April 12, 1976, and the wife is not entitled to any increases prior to this date. If Judge Smith erred in his calculations of the arrearages in his order, that question should have been raised on appeal at that time, not five years later. See DiMartino v. DiMartino, 360 So.2d 1133 (Fla.3d DCA 1978).
We therefore REVERSE and REMAND for determination of the arrearages.
DAUKSCH, C. J. and COBB, J., concur.

. The exact language was:
ORDERED AND ADJUDGED that the payments for alimony and child support ordered herein shall be increased or decreased as the case may be with the cost of living as published by the U.S. Department of Commerce each year, said increase or decrease shall be made annually when the statistics are released by the U.S. Government. Said payments are to be increased or decreased by the percentage of increase or decrease using 1971 as the base year.

. Because the husband had not moved to reduce the child support provisions, we construe the order entered April 12, 1976, as modifying only the cost-of-living adjustment and base year associated with the alimony provision of the final judgment of divorce.