PER CURIAM.
By this appeal from a final judgment dissolving a five-year marriage, the wife claims that she was short-changed in several respects.
We consider the facts pertinent to the claimed inadequacy of the alimony award. Appellee-husband is a thirty-year-old attorney whose one-third interest in a law firm is valued at $300,000. Appellant-wife holds a Bachelor of Arts degree but has not earned more than $275 per week during the course of the marriage. Appellant was awarded, pursuant to the judgment of dissolution, exclusive use of the condominium marital-domicile which has a $55,000 mortgage, an Audi automobile which has a $10,-000 remaining payoff balance, the household furnishings, and primary custody of the one-year-old child of the marriage. She was also given responsibility for one-half of the mortgage and automobile payments. At the time of the dissolution, appellant was not working and testified that she had no plans to resume work after the child was born.
Appellant estimated her monthly expenses, inclusive of the mortgage payments, car payments, food, clothing, and baby-sitter, at $4,508 per month. The court awarded her $600 per month for child support — which is to increase by $175 per month when the child enters preschool— and $1,200 per month for two years as rehabilitative alimony.
It appears from the uncontroverted evidence as to the husband’s extravagant lifestyle that his actual income, no matter what the source, is far greater than his $900 per week ledger sheet income. See Seitz v. Seitz, 471 So.2d 612 (Fla. 3d DCA 1985); Bucci v. Bucci, 350 So.2d 786 (Fla. 3d DCA 1977). Further, no reasonable person could disagree that the wife’s award of $1,200 per month in rehabilitative alimony for two years is grossly inadequate.
Reversed and remanded with instructions to reconsider the evidence and to accordingly increase the amount and the duration of the alimony award.