FERGUSON, Judge.
Appellant wife contends that the trial court frustrated her efforts to show that appellee’s meager means, as stated in his financial affidavit, belie his actual means which are more accurately reflected by his flamboyant lifestyle and business records. We agree and reverse.
At a trial on her complaint to dissolve the marriage and for custody of the parties’ two minor children, appellant sought to elicit from the appellee certain information which could clarify inconsistencies between a financial affidavit filed in the proceeding and other evidence of his ability to pay. In the dissolution proceeding, appellee claimed that he had a one-third interest in a family-owned condominium in Colorado, whereas for income tax purposes he reported a one-half ownership interest. Further, appellee claimed to have lost money on the sale of the condominium unit, although for tax purposes he reported a $19,000 gain. Ap-pellee also denied having an ownership interest in a liquor store, but in documents filed in a credit application he claimed an ownership interest in the liquor store where he worked.
Appellant does not have a college degree and has not worked in over ten years. During the course of the marriage the parties had two maids at one time. They also employed a cook and a nurse while the children were infants. The parties gambled away as much as $10,000 during Las Vegas trips. When they separated appel-lee voluntarily paid appellant $2,000 per month, which he later increased to $2,500 per month.
Appellee produced an affidavit showing that his income from the liquor store was $500 per week. The court ordered him to pay $800 per month for one year as rehabilitative alimony and $50 per week per child for support.
The trial court made a number of eviden-tiary rulings which indicate that it was of the view that any income beyond that which the appellee reported from his regular employment was irrelevant. That is not the law. In Bucci v. Bucci, 350 So.2d 786, 789 (Fla. 3d DCA 1977), we held that:
[WJhere a husband has set a standard of living different from his ledger sheets and has maintained that standard over some period of time, the court is justified in holding that he has funds which are not visible.
The uncontroverted evidence is that ap-pellee’s high standard of living has not diminished. Just as such invisible sources of income are relevant to the issue of ability to pay, they are also a proper subject for discovery and cross-examination.[1] It was error to prevent full cross-examination as to appellee’s unreported and invisible sources of income and as to discrepancies between his financial affidavit and business records.
Reversed and remanded for further proceedings.

. See Estreicher & Kornreich, Imputing Income: Proving the Unprovable, Fla.B.J., April, 1985, at 56.