ON REHEARING GRANTED
PER CURIAM.
We grant the motion for rehearing submitted by appellee Carol George, withdraw our prior opinion dated March 13,1990, and substitute the following:
Appellant Charles George appealed from a final judgment of dissolution of marriage in which the wife received his interest in the marital home as lump sum alimony. We conclude that the trial court acted within its sound discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
The husband contends that the wife was not entitled to receive the marital home as lump sum' alimony because there were no minor children, she received the greater percentage of the marital assets, and she was awarded a generous amount of permanent periodic alimony. The cases relied on by the husband, Jones v. Jones, 527 So.2d 244 (Fla. 3d DCA), review denied, 536 So.2d 244 (Fla.1988); Lynch v. Lynch, 437 So.2d 234 (Fla. 5th DCA 1983); and Bucci v. Bucci, 350 So.2d 786 (Fla. 3d DCA 1977), are inapposite.
The decision in Canakaris sets forth the appropriate framework for analysis. Canakaris confers broad authority on the trial judge to make a fair and equitable distribution of property acquired during the marriage. The court there said, “In our opinion, the award of the marital home as lump sum alimony may be coupled with other lump sum alimony or permanent peri- *1044 odie alimony awards if justified by the evidence.” 382 So.2d at 1201. That is what the trial court did in the present case.
In seeking to reverse the award of the marital home to the wife, the husband cites this court’s decision in Bucci v. Bucci. The husband relies on language in the opinion which requires the wife to show some special equity in order to justify such an award. 350 So.2d at 789. Canakaris redefined the “special equity” terminology and rejected the general approach to equitable distribution which is exemplified in the portion of Bucci cited by the husband. See Canakaris, 382 So.2d at 1200-01. The cited portion of Bucci is no longer good law in light of Canakaris.
The husband also relies on the post-Canakaris cases of Jones v. Jones and Lynch v. Lynch. In both cases, the marital home was the only substantial marital asset. In those cases the award could not be sustained because the effect was to award the only substantial asset to one of the marital partners, without any compelling reason to do so. See Jones, 527 So.2d at 245. That is not the situation now before us.
The present case involved a long term (38 year) marriage with substantial assets in addition to the marital home. The husband is a practicing attorney earning a considerable amount of money each year. The wife is, and has been, a homemaker who stayed at home and raised the parties’ three children. The trial court fashioned an award of lump sum and permanent periodic alimony which will provide for the wife’s needs and which the husband has the ability to pay. After careful review of the record and all applicable case law, we believe the trial court’s award was based on Cana-karis’ requirement that equity and justice be done between the parties. Id. at 1201.
The final judgment of the trial court is affirmed. No further motion for rehearing shall be entertained.