DOWNEY, Chief Judge.
Appellant seeks review of an interlocutory order denying his motion to set aside a default.
It appears from the briefs and appendices that appellee filed a suit for damages against appellant, a non-resident of Florida, on November 16, 1977. Counsel for appel-lee, attempting service upon appellant under the Long Arm Statute, mailed a copy of the summons and complaint to the Secretary of State, which was received by the Secretary’s office on November 18, 1977. Also on November 16, 1977, counsel mailed a copy of the summons and complaint with a cover letter to appellant at his address in California, which was received by appellant on November 18, 1977. By said summons “each defendant [was] required to serve written defenses to said complaint or petition on [plaintiff’s counsel] within 20 days after service of this summons upon you, exclusive of the day of service”. The summons warned that failure to do so would result in a default being entered against the defendant. Thus, appellant was required by this directive to serve his response not later than December 8, 1977.
On November 23, 1977, the Secretary of State acknowledged service of the summons and complaint. Counsel for appellee sent appellant another copy of the complaint, summons and notice of the Secretary of State’s receipt of the- suit papers which appellant received on December 5, 1977. Once again the summons admonished the defendant therein to plead to the complaint within 20 days of service of the summons or suffer a default. Thus, while the initial 20 day period for responding to the complaint was still running counsel for appellee sent appellant another summons advising appellant he had 20 days from December 5,1977, to plead before default would be taken. That period ended December 26, 1977.
However, on December 16, 1977, appellant was served by the Sheriff with yet another copy of the complaint and an alias summons which advised appellant that he *832 must plead thereto within 20 days from service thereof, which period gave appellant until January 5, 1978, to plead.
On January 4,1978, appellee moved for a default which was entered that date by the Clerk. A motion to dismiss was received by the clerk on January 5, 1978, which the clerk returned to appellant advising that a default had been entered January 4, 1978.
On January 13, 1978, appellant filed a motion to set aside the default, stating that appellant had come to Florida on January 4, 1978, to obtain counsel; that counsel had advised him to check with the clerk’s office and to determine the last day he could timely plead and was told by the deputy clerk that the 20 day period ended January 5, 1978. The motion states counsel prepared the motion to dismiss on January 4th and mailed it to the clerk who received it January 5, 1978.
The trial court denied the motion to set aside the default on the grounds that the file showed service of process was perfected under the Florida Long Arm Statute and appellant’s motion failed to set forth “any grounds for ‘excusable neglect or meritorious defense’.”
If appellant’s motion to dismiss had been untimely, it would have been necessary to allege excusable neglect and a meritorious defense in order to set aside the default. Clark v. Roberto’s, Inc., 320 So.2d 870 (Fla. 4th DCA 1975). However, if the period of time to plead is governed by the alias summons served upon him on December 16, 1977, then appellant’s motion to dismiss was timely and the default was premature.
We think the circumstances of this case in the context of the drastic result justify a holding that the appropriate time period for appellant to plead was set forth in the alias summons and that the motion to dismiss was timely filed. Without further belaboring the point, appellant was never delinquent in pleading, inasmuch as he received new instructions regarding pleading before each prior time period expired. Had appellant been a lawyer, perhaps he would have been judicious enough to plead within the first time period, but what are the uninitiated to do when they receive successive instructions giving them new dates within which to plead? We feel at the very least that appellee is estopped by the foregoing conduct to assert a default in pleading by the appellant.
In view of the unusual circumstances of this case we feel the trial court erred in refusing to vacate the default. Accordingly, the order appealed from is Reversed and the cause is remanded to the trial court with directions to vacate the default and for further proceedings.
REVERSED AND REMANDED with directions.
CROSS and ANSTEAD, JJ., concur.