413 So.2d 484 (1982)
AMERICAN AGRONOMICS CORPORATION, a Florida Corporation, Appellant,
v.
Edward Otto VARNER, Appellee.
No. 82-1.
District Court of Appeal of Florida, Second District.
May 7, 1982.
*485 William Knight Zewadski and Nelson D. Blank of Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, for appellant.
Glen L. Brock of Martin & Brock, Lake Wales and J. Michael Rooney, Punta Gorda, for appellee.
RYDER, Judge.
American Agronomics Corporation appeals an order denying its motion to set aside a default judgment entered against the corporation. We reverse.
The facts reveal that appellee, for reasons not relevant to this decision, was unable to perfect service of process upon preferred officers of appellant, a Florida corporation. Appellee successfully served John Davis, a director of the corporation, who was, however, not involved in the day-to-day operations of appellant. Mr. Davis mistakenly believed the summons and complaint were duplicates of papers already served eight times on the corporation in two lawsuits unrelated to the instant case. Mr. Davis informed attorneys handling the unrelated suits that he had been served with additional copies, and they instructed him to disregard the summons and complaint. Consequently, no answer was filed by appellant in the instant case, and appellee proceeded to obtain a default judgment against appellant.
Upon learning of the default judgment, appellant promptly moved to have it set aside, but the lower court denied the motion and this appeal followed.
Florida courts freely grant relief from defaults so that the matters may be tried on the merits. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962). In setting aside a default, courts afford greater leniency in cases not decided on the merits, and Florida courts have held that a greater showing may be required to reverse an order granting a motion to vacate than that required to reverse a denial of such a motion. Garcia Insurance Agency, Inc. v. Diaz, 351 So.2d 1137 (Fla. 2d DCA 1977).
Under the circumstances of this case, we believe the lower court abused its discretion in failing to set aside the default judgment. Failure of Mr. Davis to deliver the summons and complaint to counsel constitutes excusable neglect and warrants setting aside the default judgment. See Ellis v. Ellis, 404 So.2d 774 (Fla. 2d DCA 1981). Justice will be served better by a resolution of this controversy on the merits rather than by default.
We find it unnecessary to discuss the other arguments raised by appellant.
REVERSED with directions to set aside the default entered herein and for further proceedings consistent with this opinion.
OTT, A.C.J., and SCHOONOVER, J., concur.