436 So.2d 156 (1983)
Emily Sue LYONS, Appellant,
v.
Daniel E. LYONS, Appellee.
No. 82-1482.
District Court of Appeal of Florida, Second District.
March 4, 1983.
*157 Robert Jackson McGill of Law Offices of Robert Jackson McGill, P.A., Venice, for appellant.
John J. Blair of Law Offices of John J. Blair, Venice, for appellee.
SCHEB, Judge.
Emily Sue Lyons and her former husband, Daniel E. Lyons, were married for over twenty-one years. Upon dissolution of their marriage, the husband was allowed to retain sole ownership of the marital home. Appellant wife contends the trial court abused its discretion in denying her claim to an interest in the home. We agree.
Mr. and Mrs. Lyons married in December 1960 and lived together until July 1981. Each had a child by a previous marriage who came to live with the new couple. Three children were born of this marriage, but their fifteen-year-old daughter was the only minor child at the time of the dissolution. During most of their marriage, Mrs. Lyons was the homemaker, with Mr. Lyons supporting the family. During their last five years, Mrs. Lyons availed herself of vocational training, obtained a position as a medical lab technician, and thereafter contributed to the support of the family. At the time of dissolution, Mr. Lyons was earning approximately $200 per week as a self-employed lawn maintenance man, while Mrs. Lyons was drawing about $242 per week.
Mr. Lyons petitioned to dissolve the marriage and sought custody of their minor daughter. Mrs. Lyons counterpetitioned also seeking dissolution and custody as well as child support and partition of the marital home. Later, she was granted leave to seek rehabilitative alimony.
Mr. Lyons owned some lawn equipment and three vehicles, the newest of which was a 1980 Buick. Beyond a modest amount of tangible items, he had no personal property of financial substance; Mrs. Lyons had no independent assets. They had divided their joint bank accounts prior to the dissolution. The one substantial asset was the unencumbered marital home where they lived from the time they married. The husband valued it at $50,000; the wife at $60,000. Apparently under the belief that she was a tenant by the entirety and would become a tenant in common upon dissolution, the wife originally sought partition of the home. When she became aware the home was titled solely in the name of her husband, Mrs. Lyons continued to pursue her claim for partition contending that she was entitled to a special equity or other equitable interest in this asset.
In its final judgment the court awarded Mrs. Lyons $1,500 rehabilitative alimony and the 1980 Buick as lump sum alimony. She was also granted custody of their daughter, with the husband required to contribute $107.50 per month in child support. However, the court declined to award her an interest in the marital home. The trial judge concluded that during the latter period of the marriage, Mrs. Lyons had become strengthened in her earning capacity. He opined that Mr. Lyons, on the other hand, had suffered from a compulsive jealousy of his wife and his earning capacity had deteriorated. The court went on to observe *158 that the wife had voluntarily left the home, and the husband, whose earnings had paid for it, now had a greater need for the home than did the wife. Thus, the court concluded, it would be inappropriate to award Mrs. Lyons any interest in the homeplace. We think the court abused its discretion.
To arrive at a fair distribution of marital assets in cases like this undoubtedly requires a Solomonic wisdom on the part of the trial court. As the trial judge explained to the parties, it becomes virtually impossible for the court to arrive at a distribution considered fair by both parties. We understand this and recognize that the trial court is vested with broad discretion in making awards of alimony and distributions of property in dissolution of marriage cases. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). As the trial judge observed, Mrs. Lyons may now be strengthened and in a position whereby she does not require periodic support. However, she should not be deprived of an award of lump sum alimony in the home which is the only significant asset of this long-term marriage. True, the husband made the initial down payment on the home prior to the marriage, and during the marriage he made substantially all the payments on the mortgage he assumed when he purchased the home. And, while the wife did testify that she had made a contribution from a personal injury settlement she received after the marriage, the court could have, and perhaps did, reject this testimony in denying her plea for a special equity in the property. But, even laying aside the wife's claim of specific monetary contribution, we cannot overlook the fact that she was the homemaker during the marriage. She raised the children and performed the household chores, thus contributing significantly to making a home for her husband. Moreover, in the latter years she too worked and contributed to the family support.
In Canakaris the supreme court quoted approvingly from Judge Rawls' pertinent observations in Brown v. Brown, 300 So.2d 719 (Fla. 1st DCA 1974):
How shall the material wealth of a marriage which is being dissolved be divided when one partner, the wife, has contributed her time to the marital home and children of the parties while the husband has pursued the accumulation of material goods. The evolution of the law of alimony that we have reviewed in length shows that today the contributions of each party to the accumulation of material assets must be considered in dissolving the marital partnership. Either spouse may contribute either by working in the market place or by working as a homemaker. The fact that in one marital venture a spouse is gainfully employed in the market place and pays a housekeeper to rear the children and keep house is not distinguishable from the spouse who devotes his or her full time to the profession of homemaker. The primary factual circumstance is each spouse's contribution to the marital partnership. In the case sub judice, the wife has been short changed. The wife has not been adequately compensated for the contribution that she made as a full time mother and homemaker to the equal partnership marriage. We hold that the trial court abused its discretion in awarding the wife a pittance of the material assets accumulated in the husband's name during 21 years.
Canakaris, 382 So.2d at 1203, 1204.
We cannot say it any better. We only add that while we recently said that equitable distribution is not an independent vehicle for distribution of assets on dissolution, Powers v. Powers, 409 So.2d 177 (Fla. 2d DCA 1982), each spouse must be treated in such a manner as to be given fair consideration of what has been accumulated during the marriage. Robinson v. Robinson, 403 So.2d 1306 (Fla. 1980); Ingram v. Ingram, 379 So.2d 955 (Fla. 1980). In determining a proper award, courts are to consider all relevant circumstances to ensure equity and justice between the parties. Canakaris. In this instance the trial court failed to give the required weight to the wife's contribution to this long-term marriage. Simply stated, it is inequitable for Mrs. Lyons to leave the marriage with an automobile and $1,500, while the husband continues to own the unencumbered marital home which he values at $50,000.
*159 Mrs. Lyons does not challenge the trial court's denial of her claim for attorney's fees. Yet, she and Mr. Lyons each seek an award of attorney's fees on appeal. Since it appears to us that the parties have substantially similar abilities to secure competent legal counsel, we deny each petition. Mertz v. Mertz, 287 So.2d 691 (Fla. 2d DCA 1973).
Accordingly, we affirm the final judgment insofar as it grants the dissolution and awards custody, child support, the car, and rehabilitative alimony to the wife and denies her an award of attorney's fees. We reverse, however, that provision which denies the wife's claim for any interest in the marital home. We remand and direct the trial court to award the wife lump sum alimony in the form of an interest in the marital home considering her long-term contribution to the marriage. The court may take further testimony on this issue if it deems it necessary, but the wife should not be prejudiced because title to the marital home is vested solely in the husband. The trial court shall grant leave for any amendments to the pleadings necessary for partition of the marital home.
BOARDMAN, A.C.J., and SCHOONOVER, J., concur.