455 So.2d 420 (1984)
Joann DEWBERRY, Appellant,
v.
Ralph DEWBERRY, Appellee.
No. 83-1760.
District Court of Appeal of Florida, Second District.
July 20, 1984.
Rehearing Denied September 11, 1984.
*421 David A. Maney, Tampa, for appellant.
Peter N. Meros of Meros & Smith, P.A., St. Petersburg, for appellee.
CAMPBELL, Judge.
The appellant/wife appeals a final judgment of dissolution of marriage. In doing so, she raises two points on appeal. First, whether the trial court erred in a lump sum award to her of assets from the marriage totalling approximately $220,291. She argues that that award is inequitable under the holdings of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), and its progeny, in light of the husband's remaining assets of some $900,000. Appellant's second point is whether the trial court erred in awarding her only $24,000 per year permanent alimony in light of the husband's annual income of some $112,000 in 1982? We affirm the trial court's final judgment.
Appellant/wife was awarded nearly all of the liquid assets of the parties. The husband's remaining assets, except for a river front lot in which his equity was approximately $10,000, consisted solely of his individually owned stock in the business corporations that produce his income from which he pays appellant's permanent alimony.
The pertinent facts surrounding the parties' marriage and accumulated properties are as follows.
The parties were married to each other in June, 1957. Both had just graduated from college at the time of the marriage, the husband having obtained an engineering degree and the wife having obtained a degree in physical education. Neither had any assets at the time of the marriage.
Two children were born of the marriage, a daughter, age twenty-three, and a son, age seventeen. The son has joined the Marine Corps, so his support and custody was not an issue.
The parties moved to Florida in 1960, and a business, Park Auto and Truck Supplies, was started. The business was initially a partnership among the husband, his stepfather, and Rennie Jamison. The business was started from scratch, with each partner contributing $10,000. The husband's investment came from marital funds. Some of the money came from the wife's teachers retirement funds. All of the initial investment has been paid back with interest, and that money was put into a joint account with his wife. The stock in Park Auto Truck Supply has always been in the husband's name alone.
The business has expanded so that there are now three corporations involved: Park Auto and Truck Supplies, Inc., a wholesale jobber; Tri-City Warehouse, a warehouse distribution center; and Park Investment Company, which owns the property on which the other two are located and two apartment complexes, and is the controlling organization for the investments.
The husband states he is an employee of Park Auto Truck Supply and is paid a gross weekly salary of $1,300. His actual net after deductions for tax and social security is $700 a week. The difference between his regular salary and the $112,000 reported in 1982, consisted of bonuses of $20,000 per year gross before taxes, and *422 income by way of director's fees. The main value of the husband's business is the work that he actually puts into it, along with that of his partner. He works long hours, often 7 a.m. to 7 p.m.
The wife worked during the early years of the marriage and after the birth of the children. The business did not initially provide enough income to the parties, so the wife continued teaching and quit work in 1972, when the businesses became more profitable. The husband encouraged her to quit work. Her teaching certificate was allowed to lapse in 1975. She did not work outside of the home after 1972, with the exception of some part-time work a few hours a week at a bowling alley during the separation.
During the marriage, the parties accumulated the assets distributed by the final judgment. Also during the marriage, Mrs. Dewberry acquired by gift and inheritance, twenty-five percent interest in certain properties in Texas. The wife states her interest in these properties was valued at $32,855. The husband states her interest was worth approximately $50,000.
The final judgment of dissolution of marriage entered on August 3, 1983, awarded to the wife, as lump sum alimony, the marital home and contents valued at $125,000, certificates of deposit in the amount of $50,000, Nautical Coating Company stock in the amount of $10,000, Southeast Bank stock in the amount of $8,000, and a note from Park Investment in the amount of $27,291.53. The wife also retained her inherited property. Additionally, she was awarded permanent alimony in the amount of $2,000 per month.
We are prohibited by Conner v. Conner, 439 So.2d 887 (Fla. 1983), from making a determination that Mrs. Dewberry was "shortchanged." However, even if we could make such a determination, we would not do so in this case. Neither can we say that Mrs. Dewberry has received a "pittance" from the assets of the seventeen-year marriage. McSwigan v. McSwingan, 450 So.2d 284 (Fla. 4th DCA 1984). Whatever standard we are left to apply in considering the adequacy or equity of an award of property and/or alimony in a dissolution of marriage proceeding, the test is not how large or small an award is, but whether it is equitable.
The concept of marriage as a partnership entitles each of the partners, upon termination, to an equitable share, not necessarily an equal share. The parties, because of their education, training and personalities, or because of the lack of those factors, do not come into the partnership with equal abilities or assets. Merely because they share part of their life together does not of itself require that they leave the partnership with equal assets or liabilities, but only that their contributions to the marriage receive equitable recognition and award. We cannot say in this case that the awards to Mrs. Dewberry were not equitable.
We therefore affirm.
BOARDMAN, A.C.J., and OTT, J., concur.