464 So.2d 240 (1985)
Jean E. SAVELA and Two Wickered Women of Naples, Inc., Appellants,
v.
James FISHER, Appellee.
No. 84-1256.
District Court of Appeal of Florida, Second District.
March 1, 1985.
Richard E. McMahon, P.A., Marco Island, for appellants.
Jacob E. Colgrove, Naples, for appellee.
LEHAN, Judge.
Two defendants appeal from a final judgment entered against them in the sum of $15,000. They contend that the trial court erred in failing to set aside defaults entered against them. We reverse.
While the record and pleadings are not models of clarity, we have, in the interests of justice, made certain determinations as to what occurred.
On February 25, 1983, one day after the expiration of 20 days from the service of summonses on these defendants, plaintiff obtained entry of default by the clerk against them. Contrary to defendants' initial contentions to the trial court, their responses, *241 i.e., their motions directed to the complaint, had been untimely served as shown by the postmark dated February 25, 1983 P.M. On March 14, 1983, the two defendants filed a motion to set aside the defaults. Plaintiff thereafter filed a motion called Motion for Judgment on the Pleadings, which we shall treat as a motion for final default judgment. The trial court entered a judgment on the pleadings against defendants, which we shall treat as a final default judgment on liability. Subsequently the trial court entered the foregoing final judgment from which defendants appeal and which noted the prior entry of the judgment on the pleadings. We shall treat this final judgment as a denial of the motion to set aside the defaults.
Defendants were entitled to have the defaults set aside if they showed "both a legal excuse for failure to comply with the Florida Rules of Civil Procedure and a meritorious defense." Kapetanopoulos v. Herbert, 449 So.2d 947, 949 (Fla. 2d DCA 1984), quoting from Westinghouse Elevator Co. v. DFS Construction Co., 438 So.2d 125, 126 (Fla. 2d DCA 1983). We believe they have made the requisite showings in this case.
The motion to set aside the defaults alleged, in essence, that the failure to timely file responses resulted from the inadvertent failure of defendants' attorneys to perceive that the summonses served upon defendants had been served on February 4th, several days prior to the February 8th service of another summons in the same case upon a third defendant whom the attorneys also represented (and who was not in default). The later served summons on that third defendant was delivered to the attorneys before delivery of the summonses against these defendants involved in this appeal. When the summonses against these defendants were delivered to the attorneys, there was a failure of communication between the persons delivering the summonses, the attorneys' secretary, and the attorneys. The assumption was then mistakenly made that those later delivered summonses had been served at the same time as the earlier delivered but actually later served summons on the third defendant. All defendants were involved in one business enterprise which was represented by the attorneys. The attorneys thereafter filed on behalf of all three defendants responses, including the foregoing responses of appellants, which would have been timely served had the foregoing assumption been valid. We conclude that the allegations in the motion to set aside defaults, which set forth the above occurrences and which are supported by an affidavit of the attorney principally involved, sufficiently established excusable neglect. See Florida Aviation Academy v. Charter Air Center, Inc., 449 So.2d 350 (Fla. 1st DCA 1984). Florida Aviation is one of a line of cases recognizing an avenue of relief available to a defaulted party where clerical or secretarial error was the cause of the default and there was no substantial prejudice to the opposing party. See also Broward County v. Perdue, 432 So.2d 742 (Fla. 4th DCA 1983); County National Bank of North Miami Beach v. Sheridan, Inc., 403 So.2d 502 (Fla. 4th DCA 1981).
The motion to set aside defaults also asserted defenses on defendant's behalf. We cannot say that those defenses, if proved, are not meritorious.
Reversed and remanded for proceedings consistent herewith.
RYDER, C.J., and FRANK, J., concur.