467 So.2d 484 (1985)
Frank FRATUS, Appellant,
v.
Jesse L. FRATUS, Appellee.
No. 84-1187.
District Court of Appeal of Florida, Fifth District.
April 18, 1985.
Robert J. Catalano, Taunton, Mass., for appellant.
Richard Tombrink, Jr., Brooksville, for appellee.
SHARP, Judge.
Frank Fratus appeals from the trial court's denial of his motion to set aside a final judgment entered after a default. Fla.R.Civ.P. 1.540(b). We have jurisdiction. Art. V, § 4(b)(1), Fla. Const.; Fla.R.App.P. 9.130(a)(5). We think the trial court abused its discretion in this case by not setting aside the judgment and allowing the dispute to be litigated on the merits. See North Shore Hospital, Inc. v. Barber, 143 So.2d 849, 853 (Fla. 1962); American Agronomics Corporation v. Varner, 413 So.2d 484 (Fla. 2d DCA 1982).
The record establishes that Frank had a meritorious defense to the suit, and appellee does not seriously challenge that. Jesse, Frank's uncle, sought to rescind a deed executed by him which gave Frank a joint interest in some real estate located in Hernando County, Florida. Jesse claimed the consideration for the transfer was Frank's agreement to support him for the rest of his life, which had been breached. Frank claimed there was no such agreement and that the transfer was an unconditional gift.
Appellee argues that Frank failed to establish in the record circumstances constituting excusable neglect and acting with due diligence to set aside the default. We disagree. Frank was served in Massachusetts, pursuant to the Long Arm Statute.[1] *485 His Massachusetts attorney had been corresponding with Jesse's Florida attorney concerning the dispute and he requested correspondence with Frank be directed to him. However, he was not told a suit was filed against Frank.
Frank, a man of little business or legal experience, misunderstood the nature of the papers. He was told by the process server they were just "some papers for you." He assumed they were more deeds Jesse was urging him to sign. He did not realize it was a summons until twenty-seven days later when he showed them to a different local attorney (recommended by his Massachusetts attorney) who was licensed to practice law in Florida. See American Agronomics Corporation.
Thereafter, Frank's attorney acted diligently to set aside the default and final judgment. He filed an answer two days after being retained, and then filed motions to set aside the default and final judgment as soon as he learned of them. Jesse's attorney informed him by mail of the default on March 23rd. He then telephoned the clerk of the circuit court to obtain a copy of the judgment and moved to set it aside on April 2nd.
Further, we note that the default and final judgment, although lawfully obtained under the rules, were speedily pursued and achieved without any notice to Frank or his local Massachusetts attorney who had been in correspondence with Jesse's attorney during this period of time. The default was entered twenty-one days after service; and the final judgment was entered only twenty-six days after service. This rush to the courthouse when dealing with an out-of-state resident served by the Long Arm process, appears to us somewhat unseemly. In any event, they are circumstances which play a part in finding excusable neglect and due diligence. See Florida Investment Enterprises, Inc. v. Kentucky Company, 160 So.2d 733, 737 (Fla. 1st DCA 1964).
We think the record established the two necessary elements to set aside the final default judgment  excusable neglect and a meritorious defense. In view of the Florida courts' policy favoring trials on the merits, we conclude the trial court erred in this case by not granting appellant's motion to set aside the default and final judgment. See Reicheinbach v. Southeast Bank, N.A., 462 So.2d 611 (Fla. 3rd DCA 1985); Wien v. Quayside Realty, Inc., 462 So.2d 569 (Fla. 3d DCA 1985); Chase Federal Savings and Loan Association v. Sober, 455 So.2d 1161 (Fla. 3d DCA 1984).
Accordingly, the judgment appealed is REVERSED.
FRANK D. UPCHURCH, Jr., J., concurs.
COBB, C.J., dissents with opinion.
COBB, Chief Judge, dissenting.
The question is whether the trial court is guilty of a gross abuse of discretion in determining that failure of a party to understand the necessity of a timely response to process served upon him, and failure to retain trial counsel until after default and final judgment, do not constitute excusable neglect. I cannot find the trial court herein guilty of such gross abuse. See North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962); B/G Amusements, Inc. v. Mystery Fun House, Inc., 381 So.2d 318 (Fla. 5th DCA 1980); Cricket Club, Inc. v. Basso, 384 So.2d 908 (Fla. 3d DCA 1980); Schwab & Co., Inc. v. Breezy Bay, Inc., 360 So.2d 117 (Fla. 3d DCA 1978); Claffey v. Serafino, 338 So.2d 270 (Fla. 2d DCA 1976).
NOTES
[1] § 48.193, Fla. Stat. (1983). This statute permits service of process outside this state by a person authorized in that state to serve local process, but it also requires that the officer's affidavit "stating the time, manner and place of service" be filed with the court so that it can make a determination that service was properly made.

We cannot determine from the appendix filed in this case whether or not such an affidavit was properly filed and considered by the court prior to rendering its final judgment on March 14, 1984. A copy of an affidavit regarding time, place, date and manner of service was attached to Jesse's affidavit filed May 3, 1984 in opposition to Frank's motion to vacate the judgment. But it bears no court filing stamp; it is not referred to in Jesse's affidavit; and it fails to attach a copy of the summons and complaint it refers to as being attachments.
It appears to us that Jesse has the burden in this case to show that service of process was properly made, as a part of his defense of the final judgment. Since this burden was not carried, we would require that the record be supplemented, Florida Rule of Appellate Procedure 9.200(f)(2), or rule contrary to Jesse on this point were it not for the fact that Frank has not raised this issue, and in fact, he has conceded service of process was properly effected.