GRIMES, Acting Chief Judge.
This litigation involves the custody of the parties’ minor children.
The parties were divorced on September 29, 1981. The judgment of dissolution incorporated a stipulation that the wife would have sole custody of the three minor children. On January 18, 1988, the husband filed a petition to modify the judgment to award him custody of the children on the ground of changed circumstances. The husband then moved for temporary child custody pending disposition of his petition for modification. Following an un-transcribed hearing, the court on April 26, 1983, awarded the husband temporary custody of the children and directed the Department of Health and Rehabilitative Services to prepare a home study with regard to permanent custody. After the discharge and rehiring of the wife’s counsel, the petition for modification eventually came to final hearing on May 2, 1984.
The essence of the husband’s case was that he had remarried, and he felt that he could provide a better home for the children. He was also concerned over the environment created by his wife in living out of wedlock with another man, although it was developed that the man had moved out of the wife’s house immediately after the children had been temporarily transferred to the husband. The husband admitted that the children had not fared as well at school since living with him.
At the conclusion of the husband’s case, the wife moved for a directed verdict on the ground that there was insufficient evidence of a substantial change of circumstances which would warrant a change of permanent custody. The judge announced that he was denying the husband’s petition for modification but stated that he intended for the status quo to be maintained. When the wife’s counsel began to refer to some legal authorities, the judge left the courtroom. At this point counsel stated that he had not been able to present the wife’s side of the case.[1] The court ultimately entered an order denying the husband’s petition for modification but directing that the husband should continue to have care, custody, and control of the children.
At the very least, it would appear that the wife was deprived of an opportunity to present evidence concerning her right to custody. However, there is no need to reach this issue because the court denied the petition for change of permanent custody and the husband has not challenged this ruling. We know of no basis upon which the order granting temporary custody of the children to the husband could survive the final order denying the husband’s petition for modification. Those circumstances which may have prompted the temporary change of custody were necessarily subsumed by the evidence taken at the final hearing. Therefore, as permanent custodian, the wife was entitled to have the children returned to her. Cf. Elkins v. Vanden Bosch, 433 So.2d 1251 (Fla. 3d DCA 1983), in which the father who had obtained temporary custody was required to return *1100 the children to the wife when his petition for change of permanent custody was denied.
We affirm the denial of the husband’s petition for modification but reverse that portion of the order which permits the husband to maintain temporary custody.
FRANK and SCHOONOVER, JJ„ concur.

. We note from the record that the wife had subpoenaed an HRS representative to the hearing.