483 So.2d 4 (1985)
Roger R. RHINES, Appellant,
v.
Marcia L. RHINES, Appellee.
No. 84-2555.
District Court of Appeal of Florida, Second District.
October 4, 1985.
Rehearing Denied November 12, 1985.
Roger R. Rhines, pro se.
P. Allen Schofield, Bradenton, for appellee.
LEHAN, Judge.
A husband appeals from a final judgment of dissolution of marriage which, among other things, granted custody of the *5 parties' minor children to the wife. We affirm in part and reverse in part.
The husband, who resided in Michigan at the time the dissolution action was filed by the wife, contends that the final judgment entered on October 2, 1984, was premature and without proper notice to the husband because a notice of action which he received by mail incident to constructive service of process on him gave him until October 12, 1984, to respond. We do not agree. The last service of process on the husband was by personal service through delivery to him of a summons by a Michigan sheriff. The husband was in default on October 2, 1984, under the wording of that summons.
We also disagree with the husband's contention that the trial court erred as a matter of law in denying the husband's motion for relief from judgment filed pursuant to rule 1.540, Florida Rules of Civil Procedure. Whether or not under the particular facts of this case we would have found excusable neglect by the husband had we been in the position of the trial judge is not determinative. The test for determining whether the trial court erred is whether its denial of the motion constituted a gross abuse of discretion. Sterling Drug, Inc. v. Wright, 342 So.2d 503 (Fla. 1977); Kapetanopoulos v. Herbert, 449 So.2d 947, 950 (Fla. 2d DCA 1984). Of course, no abuse of discretion generally exists when "reasonable men could differ as to the propriety of the action taken by the trial court... ." Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980). We believe that reasonable men could differ as to whether the husband's conduct constituted excusable neglect. A fortiori, we cannot say that there was a gross abuse of discretion by the trial court. Under the record in this case we cannot say there was no basis for a conclusion that the husband disregarded the summons without justification.
The husband cites Rudd v. Zimmerley, 363 So.2d 831 (Fla. 4th DCA 1978), as support for his contention. However, in Rudd the defaulting defendant who received successive services of process was found to have properly responded to the last service of process upon him. In the case at hand the husband failed to respond to the last service of process upon him. In contrast to the situations in Fratus v. Fratus, 467 So.2d 484 (Fla. 5th DCA 1985), and American Agronomics Corp. v. Varner, 413 So.2d 484 (Fla. 2d DCA 1982), cited in the dissenting opinion in this case, as well as in contrast to the facts of Savela v. Fisher, 464 So.2d 240 (Fla. 2d DCA 1985), the husband's default was not attributable in any way to the actions or nonactions of an attorney. The husband, who has ably argued on his own behalf to this court, relied solely upon himself. Also, in contrast to American Agronomics and Savela, the husband in his briefs filed with this court in effect acknowledged that he knew that the personally served summons contained an earlier return date. His argument on appeal was the legal argument that he was entitled to conclude that the constructive service return date in the initial service controlled over the return date in the later personal service; the argument presupposes awareness of both return dates. Neither his first brief nor his reply brief argues that he was confused. Nothing in his affidavit says that he was unaware of the return date in the personally served summons.
The dissenting opinion refers to the husband's affidavit asserting that he believed that the personal service of process involved a twenty-day response time pertaining to a hearing on temporary custody, notice of which was served upon him in a separate document at the time of the personal service of the summons. But his affidavit also asserted, in a paragraph immediately following two successive paragraphs referring to the return date in the constructive service and the return date in the personal service, that "[t]he two conflicting notices caused confusion regarding what needed to be answered and when." That statement, which again seems to acknowledge awareness of the return date on the personally served summons, refers to which of the two services of process, constructive *6 or personal, should be answered, not confusion with the notice of the custody hearing. It does not appear that anything needed to be answered or responded to with reference to the notice of hearing on temporary custody. Accordingly, there was inconsistency between, and could be questionable validity to, assertions in the affidavit as to whether there was confusion of one type or another. And, again, there was no showing of a lack of awareness, due to confusion or for any other reason, of the return date announced in the summons personally served by the Michigan Sheriff. Against this background we cannot say that the trial judge could not in his discretion have concluded that the husband's assertions failed to establish excusable neglect. Also, as we have said, the husband's argument to us similarly was not based on lack of awareness of the return date in the last service of process, presupposed the existence of such awareness, and was not an argument claiming confusion. Under these circumstances it does not appear to us that the trial court abused its discretion, much less grossly abused its discretion.
The effect of the husband's argument is to say that personal service is not binding upon a party who has been served constructively. This is not the law. Nor do we believe it is, or should be, the law that a twice-served defendant is ipso facto confused as a matter of law so as to excuse his failure to respond to personal service. It is not our province to now rescue him from the consequences of what could well have been determined in the trial court to have been his decision to close his eyes to the admonition in the second summons.
The husband also contends that he had been given insufficient notice of a hearing as to temporary custody. This aspect is not determinative, and we need not address it. See Jackson v. Jackson, 468 So.2d 1098 (Fla. 2d DCA 1985).
Nonetheless, we sua sponte remand for a further hearing on the child custody aspect. The final judgment provides that the wife shall be the primary residential custodian of the minor children. But there is in the final judgment no recognition of the provisions of section 61.13(2)(b)2, Florida Statutes (1983), that shared parental responsibility shall be ordered "unless the court finds that shared parental responsibility would be detrimental to the child." As in Nichols v. Nichols, 432 So.2d 648 (Fla. 1st DCA 1983), the trial court here found that it would be in the best interests of the children that they reside with the wife, but, as in Nichols, the lack of any finding by the trial court of the type referred to in section 61.13(2)(b)2 requires reversal. Upon remand the trial court should order shared parental responsibility unless the court finds that such responsibility would be detrimental to the children. Whether or not further evidence should be taken in that regard shall be determined by the trial court. However, if without further evidence the trial court may contemplate making a finding that shared parental responsibility would be detrimental to the children, the husband should first be given an opportunity to appear in that regard. Notwithstanding our conclusion that the trial court did not err in failing to set aside the husband's default, the husband should not be precluded from asserting valid parental rights. All child custody issues should not be foreclosed upon a pleading default. Seibert v. Seibert, 436 So.2d 1104, 1105 (Fla. 4th DCA 1983); Duckworth v. Duckworth, 414 So.2d 562 (Fla. 3d DCA 1982).
Affirmed in part, reversed in part and remanded for further proceedings.
CAMPBELL, A.C.J., concurs.
SCHOONOVER, J., dissents with opinion.
SCHOONOVER, Judge, dissenting.
I respectfully dissent. I would find that the trial court erred in denying the husband's motion to set aside the final judgment.
On September 7, 1984, the husband received a notice of action and a copy of the petition for dissolution of marriage. The *7 notice stated that the husband had until October 12, 1984, to serve a copy of his written defenses upon the wife's attorney and to file the original with the clerk of the circuit court. Three days later, the husband was personally served with a summons, another copy of the petition for dissolution of marriage, an affidavit, a copy of a temporary order on custody, and a notice of hearing on the temporary order. According to the summons, the husband had twenty days from the date of service to respond. That twenty-day period expired October 1, 1984.
When the husband did not file or serve an answer or other responsive pleading by October 1, the wife obtained a default the following day. She also presented testimony and received a final judgment dissolving the parties' marriage. On October 10, the husband discovered that a default and final judgment had been entered against him. On October 12, the date set forth in the notice of action, the husband filed his answer and a motion for rehearing and, in the alternative, for relief from final judgment.
A hearing on the motion was held October 23, 1984. The husband filed an affidavit in support of the motion for rehearing. In it, the husband stated he believed the second service of process setting forth a twenty-day response time pertained to a hearing on temporary custody, for which he believed he had made arrangements for representation. A copy of the notice of hearing for temporary custody had been served upon him simultaneously with the second service of process. The two conflicting notices, according to the husband, caused confusion as to what needed to be answered and when. He stated he relied upon the notice of action, which gave him a specific date of October 12 to serve a copy of his written defenses in the action for dissolution of marriage. The court denied the motion.
The problem in this case arose, not because of any affirmative action on the husband's part, but because process was served twice. The purpose of process, either a notice of action or a summons, is to advise an individual that an action or proceeding has been commenced against him and to warn him that he will suffer a default unless certain action is taken at a named place and within a designated time. Gribbel v. Henderson, 151 Fla. 712, 10 So.2d 734 (1942).
Even if the court in this case properly entered a default because the husband followed the instructions of the original process instead of the subsequent summons, the court erred in refusing to set aside the final judgment. See Progressive Finance Co. v. Longleaf Lumber Co., 108 Ga. App. 555, 134 S.E.2d 63 (1963)(where process directs a defendant to appear at a term of court subsequent to the term at which the case is properly returnable, he is entitled to rely upon the contents of the process and is protected by his obedience to it).
Where a default has been entered, the party wishing to vacate it has the burden of establishing both a legal excuse for failure to comply with the Florida Rules of Civil Procedure and a meritorious defense. He must also demonstrate due diligence in seeking relief from default. Fla.R.Civ.P. 1.540; Westinghouse Elevator Co. v. DRS Construction Co., 438 So.2d 125 (Fla. 2d DCA 1983). I realize that to justify reversing a ruling on a motion to vacate, it is necessary to show a gross abuse of the trial court's discretion. There also exists in Florida, however, a longstanding policy of liberality towards the vacation of defaults so that the merits of a cause may be reached. North Shore Hospital v. Barber, 143 So.2d 849 (Fla. 1962). Even though the proceedings in this case had progressed past a default to the entry of a final judgment, I believe that the court erred in refusing to vacate the judgment. See Fratus v. Fratus, 467 So.2d 484 (Fla. 5th DCA 1985).
In American Agronomics Corp. v. Varner, 413 So.2d 484 (Fla. 2d DCA 1982), the director of a corporation, a nonlawyer, was served with a summons and complaint and failed to deliver them to counsel because he mistakenly believed they were duplicates of papers already served in unrelated lawsuits *8 against the corporation. This court found that the failure to deliver the summons and complaint to counsel constituted excusable neglect and held that the trial court abused its discretion in failing to set aside the default judgment. Similarly, in Fratus, the Fifth District Court of Appeal held that the trial court erred in refusing to set aside a final judgment entered against a defendant with little legal experience where that defendant had misunderstood the nature of the papers served on him and where his attorney, prior to service, had requested that correspondence be directed to the attorney.
The husband in this case, who also is a layman, became confused when he received process twice. He believed that the second service of process pertained to a hearing on temporary custody. He evidently made a mistake in responding to the petition for dissolution of marriage by relying upon the directions contained in the first service of process. He promptly filed an answer which no one contends failed to establish a meritorious defense. Just as the laymen's mistakes concerning papers served upon them, combined with other extenuating circumstances, constituted excusable neglect in American Agronomics Corp. v. Fratus, the facts surrounding the controversy in this case warrant setting aside the default judgment. I, accordingly, would reverse and remand for a trial on the merits.