527 So.2d 244 (1988)
Russell Edward JONES, Appellant,
v.
Loretta Lillian JONES, Appellee.
Nos. 86-1515, 86-2254.
District Court of Appeal of Florida, Third District.
May 31, 1988.
Rehearing Denied July 20, 1988.
Charles L. Neustein, Miami Beach, for appellant.
Horton, Perse, & Ginsberg and Mallory H. Horton, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
PER CURIAM.
This appeal involves the final judgment of dissolution of a thirty-nine-year marriage between a retired airline pilot, age seventy-two, and a housewife not employed outside the home, age fifty-nine. At the dissolution hearing, the husband testified that he had assets of $40,000, as well as a monthly income of $2,000 including his pension and social security. The trial judge awarded the husband's one-half interest in the marital home, which had been appraised at $274,000 and which had a mortgage of approximately $5,000, to the wife. She received $25,000 in lump sum alimony and $1,000 per month permanent periodic *245 alimony. He also ordered that a lot owned by the couple be sold and that the proceeds be equally divided. This award resulted in the wife receiving fifty per cent of the husband's income and over sixty per cent of his assets, in addition to all his interest in the marital home, which amounted to over $130,000. The husband appeals.
We hold that it was error to award the marital home to the wife where, as here, the award was not necessary for the maintenance of the wife, for the rearing of the couple's children, or for any other compelling reason because the effect was not to equitably distribute assets but to deprive the husband of the benefit of the proceeds of this marriage's primary asset: the marital home. See Lynch v. Lynch, 437 So.2d 234, 237 (Fla. 5th DCA 1983); Lyons v. Lyons, 436 So.2d 156 (Fla. 2d DCA 1983); Fraser v. Fraser, 368 So.2d 97 (Fla. 3d DCA 1979). Moreover, experience, as well as common sense, indicates that a home as commodious and expensive as the one at issue may well require substantial maintenance and repair costs which a person who has no independent means of livelihood would find difficult to meet. The spouse to whom such a house is awarded may find it expeditious to sell the residence and move to a more maintainable and economical abode. The result of the sale could well be the reaping of a windfall for that spouse at the expense of the other whose interest the court took away.
Finally, we observe that there is no substantial merit to the claim that the husband has secreted undisclosed assets. Although this ploy may have been attempted, it appears that the assets were substantially accounted for; this record, therefore, is insufficient to have awarded the marital home to the wife on that basis.
For these reasons, that portion of the final judgment of dissolution which awarded the marital home to the wife is vacated. We direct that the home be sold and that proceeds from the sale be distributed equally between the two parties. In all other respects, the judgment under review is affirmed in that the award otherwise left the parties in substantially similar positions. See Dewberry v. Dewberry, 455 So.2d 420 (Fla. 2d DCA 1984); Mahaffey v. Mahaffey, 401 So.2d 1372 (Fla. 5th DCA 1981).
Affirmed as modified.
SCHWARTZ, C.J., and NESBITT, J., concur.
JORGENSON, Judge, dissenting.
I respectfully dissent. In my view, the trial court did not abuse its discretion in awarding the husband's one-half interest in the marital home to the wife as lump sum alimony and equitable distribution at the conclusion of their thirty-nine-year marriage. Contrary to the majority's view, my reading of the record confirms the trial court's suspicions that the husband had schemed to convert some of the parties' liquid assets to cash and had partially succeeded in his maneuver. Although the record reveals that during the marriage the parties had enjoyed a life-style which included a "commodious and expensive" home, the attributes of the home are irrelevant to an analysis of the propriety of its distribution. The majority's speculation as to the wife's ultimate ability to maintain the house is similarly outside the proper scope of our review. The majority's fear, that the wife's receipt of over sixty percent of the assets may totally undermine the husband's financial security, should have been allayed by the representations of counsel for both parties at oral argument that the proceeds of a settlement based on the death of the parties' son had been recently received and equally divided. Clearly, the husband is financially secure. Under these circumstances, depriving the wife of the marital residence at this late date would be inequitable. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). In Canakaris, the total award to the wife, following the dissolution of a thirty-three-year marriage, represented approximately ten percent of the marital assets. If reasonable minds could differ as to the correctness of that award, then certainly reasonable minds could differ as to the disposition of marital assets here.
I would affirm the final judgment in all respects.