547 So.2d 287 (1989)
Anita M. DELLAVECCHIA, Appellant,
v.
Craig DELLAVECCHIA, Appellee.
No. 89-00048.
District Court of Appeal of Florida, Second District.
August 4, 1989.
Lee Craig of Butler and Burnette, Tampa, for appellant.
Thomas P. Colclough of Wallace Finck, Boake & Colclough, St. Petersburg, for appellee.
LEHAN, Judge.
An ex-wife appeals from a final judgment adjudicating property rights and *288 awarding child support to the ex-husband and from the trial court's order refusing to grant the ex-wife's motion to set aside a prior final judgment entered against her upon her default except to the extent the prior final judgment adjudicated property rights and child support. The first final judgment had dissolved the marriage, awarded the husband custody of the parties' two minor children, required the wife to make $1,000 per month child support payments, and awarded the husband essentially 100 percent of the marital assets having an apparent equity value of approximately $64,000. The second final judgment, entered after the first final judgment had been set aside to the above-described extent, reduced the child support payments to be made by the wife to $85.00 per week and again awarded the husband essentially 100 percent of the marital assets. We qualifiedly affirm in part and reverse in part.
The wife does not contest the adjudication that the marriage is dissolved. Nor does the husband contest the setting aside of the first final judgment to the above described extent.
As to the distribution of marital assets, we do not conclude there was an abuse of discretion and therefore affirm in that respect, subject to the qualification referred to below. There was evidence that the husband is permanently disabled and that the 29-year-old wife is in good physical condition and employable by training and experience as a medical assistant. See Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980).
However, while on the basis of the record on appeal we do not conclude that the trial court erred in its determinations as to custody and child support, there are other considerations to be taken into account. The best interests of the children is of course the guidepost in any determinations of child custody and support. In making those determinations the trial court should have the benefit of the available testimony of the children's natural mother. Also, no determination was made as to shared parental responsibility. We therefore reverse and remand for further hearing in those respects. See Rhines v. Rhines, 483 So.2d 4 (Fla. 2d DCA 1985); Seibert v. Seibert, 436 So.2d 1104 (Fla. 4th DCA 1983); Doane v. Doane, 279 So.2d 46 (Fla. 4th DCA 1973). If upon remand the present determinations as to custody and child support are changed and if the trial court determines that the best interests of the children require a change also in the previously determined distribution of marital assets, the court may change that distribution, any such changes of course being made only in the sound exercise of discretion.
Affirmed in part, reversed in part, and remanded for proceedings consistent herewith.
DANAHY, A.C.J., and ALTENBERND, J., concur.