564 So.2d 1145 (1990)
TECHVEND, INC., Appellant,
v.
The PHOENIX NETWORK, INC. a Florida Corporation and Madlee Enterprises, Inc., a Florida Corporation, Appellees.
No. 89-2299.
District Court of Appeal of Florida, Third District.
July 3, 1990.
Rehearing Denied August 23, 1990.
*1146 Michael D. Gelety, Fort Lauderdale, for appellant.
Mishan, Sloto, Hoffman & Greenberg and Julie Feigeles, Miami, for appellees.
Before SCHWARTZ, C.J., and COPE and LEVY, JJ.
SCHWARTZ, Chief Judge.
This appeal is from a judgment entered on a default. While there is an indication that the default was initially erroneously entered, it is uncontradicted that the defendant-appellant did not move to set aside the judgment until more than three months after it became aware of its existence and did not file supporting affidavits until two months after that. It is entirely clear that such a delay constituted a lack of the due diligence which is required to justify setting aside a default. Fischer v. Barnett Bank of South Florida, N.A., 511 So.2d 1087 (Fla. 3d DCA 1987) (five weeks); Bayview Tower Condominium Ass'n, Inc. v. Schweizer, 475 So.2d 982, 983 (Fla. 3d DCA 1985) (one month); see also Garvin v. South Carolina Ins. Co., 528 So.2d 929 (Fla. 2d DCA 1988) (six months).
While the theoretical underpinning of the due diligence requirement has perhaps not so far been fully explicated, it would appear that the requirement that one move expeditiously to nullify a default is directly related to the reasons for the entry of the default in the first place  to provide for the prompt disposition of legal proceedings. See B.C. Builders Supply Co. v. Maldonado, 405 So.2d 1345, 1348 (Fla. 3d DCA 1981). In essence, one might say, then, that timely action is required to avoid "defaulting" upon the opportunity to set aside a previously entered default. On this basis, the time provided initially to answer the complaint, twenty days, might well serve as a rule of thumb for the period in which a defendant must act to vacate a default after learning of its entry. See Fischer, 511 So.2d at 1087; Bayview, 475 So.2d at 982. In any case, the time involved in this case is far longer than either the standard we have tentatively advanced here, or the periods actually deemed excessive in the decided cases.
Affirmed.
LEVY, J., concurs.
COPE, Judge (specially concurring).
While I concur in the first paragraph of the opinion, I am unable to subscribe to the twenty-day rule of thumb suggested in the second paragraph. As indicated in B.C. Builders Supply Co. v. Maldonado, 405 So.2d 1345, 1348 (Fla. 3d DCA 1981), "[t]he facts of each case are of singular importance in determining whether or not relief should be granted." (citations omitted). There is a "long standing policy of liberality toward the vacating of defaults," North Shore Hospital, Inc. v. Barber, 143 So.2d 849, 852 (Fla. 1962), and "`if there be any reasonable doubt in the matter [of vacating a default], it should be resolved in favor of granting the application and allowing a trial upon the merits of the case.' ..." Id. at 853 (citations omitted). The question of what constitutes due diligence in moving to vacate the default must, in my view, be determined on the facts of each case in light of the principles just stated.