573 So.2d 401 (1991)
Eddie FRANKLIN, Appellant,
v.
Lizzie FRANKLIN, Appellee.
No. 90-991.
District Court of Appeal of Florida, Third District.
January 22, 1991.
*402 Koppen, Watkins, Partners & Associates and Daniel O. Gonzalez, Jr. and Alan S. Walters, for appellant.
Bailey, Martin & Associates and Cecile Martin, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and LEVY, JJ.
SCHWARTZ, Chief Judge.
Franklin appeals from the denial of his Rule 1.540(b)(1)[1] motion for relief from that part of a final judgment of dissolution *403 entered against him by default which awarded his entire interest in the marital home as a "special equity" to his wife. We reverse.
Franklin is almost totally illiterate. The record is undisputed that, although he was aware that an action for dissolution had been filed, he believed that the parties would reconcile and indeed, continued to live in the marital home with his wife during the pendency of the case. He was not represented by counsel and did not even become aware of the final judgment until after it had been entered, when his now ex-spouse had their son-in-law read it to him. Thus, the "excusable neglect" required to set aside the judgment under the rules relating to defaults and under Florida Rule of Civil Procedure 1.540(b)(1) generally is clearly present. See Jax Sani Serva System, Inc. v. Burkett, 509 So.2d 1251, 1252 (Fla. 1st DCA 1987); Fratus v. Fratus, 467 So.2d 484 (Fla. 5th DCA 1985); cf. West v. West, 534 So.2d 893 (Fla. 5th DCA 1988); Canney v. Canney, 453 So.2d 179 (Fla. 2d DCA 1984). Nor is there any question that there is a "meritorious defense"  the second prong of the default test  to the deprivation of Franklin's half interest in the primary marital asset to which he contributed in cash and effort throughout the twenty-one years of their married life. See Jones v. Jones, 527 So.2d 244, 245 (Fla. 3d DCA 1988), review denied, 536 So.2d 244 (Fla. 1988); Lynch v. Lynch, 437 So.2d 234, 237 (Fla. 5th DCA 1983); Lyons v. Lyons, 436 So.2d 156 (Fla. 2d DCA 1983).
The trial judge denied the 1.540 motion however  and Ms. Franklin defends that denial here  on the sole ground that the delay between the entry of the final judgment on March 29, 1989, and the filing of the motion for relief on December 19, 1989, showed a lack of "due diligence" in setting aside the default, see Techvend, Inc. v. Phoenix Network, Inc., 564 So.2d 1145 (Fla. 3d DCA 1990), or that it was not brought within a "reasonable time" under 1.540(b). See Fla.R.Civ.P. 1.500(d) (1990).[2],[3] We do not agree.
It is well-established that issues of "due diligence" and "reasonable time," in common with all questions relating to the issue of whether defaults and default judgments should stand, must be evaluated in terms of the particular facts of the case under consideration. See Techvend, 564 So.2d at 1146 (Cope, J., specially concurring); Rosenblatt v. Rosenblatt, 528 So.2d 74, 76 (Fla. 4th DCA 1988); B.C. Builders Supply Co. v. Maldonado, 405 So.2d 1345 (Fla. 3d DCA 1981); accord In re Cremidas' Estate, 14 Alaska 234, 14 F.R.D. 15 (D.Alaska 1953); Alston v. Philadelphia Elec. Co., 337 Pa.Super. 46, 486 A.2d 473 (1984); 7 J. Moore & J. Lucas, Moore's Federal Practice § 60.28[2] (2d ed. 1990); 11 C. Wright & A. Miller, Federal Practice and Procedure § 2866 (1973).
Here, Franklin stated without contradiction that, even after he learned of the existence of the judgment against him, he was not aware of his ability to contest its terms until a co-worker told him that this might be done. Within a few days after that, he retained a lawyer and sought to do so by filing the motion now before us. The cases which indicate that illiteracy and ignorance provide an acceptable basis of excusable neglect in failing to respond to a complaint in the first instance apply equally, in our view, to the present question of whether the defendant acted within a reasonable time in seeking relief from its entry. See Jax Sani Serva, 509 So.2d at 1252; Fratus, 467 So.2d at 485; 11 C. Wright & A. Miller, supra at 228 ("The courts ... consider whether the moving party had some good reason for his failure to take appropriate action sooner.").[4]
It is also highly important that Ms. Franklin makes no claim of any prejudice caused by the so-called delay as to the *404 ability now to try the merits of the parties' rights to the property. Jackson v. Jackson, 276 F.2d 501 (D.C. Cir.1960), cert. denied, 364 U.S. 849, 81 S.Ct. 94, 5 L.Ed.2d 73 (1960); see 11 C. Wright & A. Miller, supra ("The courts consider whether the party opposing the motion has been prejudiced by the delay in seeking relief... ."). Finally, we cannot overlook the fact that the defaulted issue  the disposition of the Franklins' primary asset  is of crucial importance to the lives of the parties. See Jackson, 276 F.2d at 504.
Under all these circumstances, and bearing in mind Florida's "long standing policy of liberality toward the vacating of defaults," North Shore Hospital, Inc. v. Barber, 143 So.2d 849, 852 (Fla. 1962), we must hold that the lower court abused its discretion in finding that the motion had not been filed within a reasonable time or with due diligence[5] and in refusing to set aside the default judgment so that the case may be disposed of on the merits.
Reversed.
NOTES
[1] Fla.R.Civ.P. 1.540(b) provides in pertinent part:

RULE 1.540 RELIEF FROM JUDGMENT, DECREES OR ORDERS
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released or discharged or a prior judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, decree, order or proceeding was entered or taken. [emphasis supplied]
[2] Fla.R.Civ.P. 1.500(d) provides:

(d) Setting Aside Default. The court may set aside a default and if a final judgment consequent thereon has been entered, the court may set it aside in accordance with Rule 1.540(b).
[3] Of course, the motion was filed within the one-year outside time limit imposed for 1.540(b)(1), (2) and (3) relief by the rule itself.
[4] Our holding that, under these circumstances, the mere passage of nine months is not alone sufficient to demonstrate a lack of "due diligence" or that the period is unreasonable does not require that we either accept or reject the "twenty day rule of thumb" tentatively proposed by the majority in Techvend and resisted by the special concurrence. This is so because even if the "rule of thumb" applies, it is no more than that and is overcome here by the explanation for the delay and the fact that no prejudice is asserted. (In this respect, the issue may be analogized to the "rule of thumb" that the statute of limitations guides the determination of whether there has been an unreasonable delay in applying the defense of laches in equity. Briggs v. Estate of Geelhoed, 543 So.2d 332, 333 (Fla. 4th DCA 1989). There too, the mere fact that the limitations period is exceeded does not eliminate a holding that under the facts of the particular case, the delay was not unreasonable. E.g., Tutwiler Cadillac, Inc. v. Brockett, 551 So.2d 1270, 1272 (Fla. 1st DCA 1989).)
[5] We distinguish the cases finding that even shorter delays are excessive, e.g., Techvend, 564 So.2d at 1145, and cases cited, on the obvious ground that no equitable reasons to justify the delay appear in those decisions.