NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LACIE SHEWMAKER,                )
                                )
    Appellant,              )
                                )
v.                              )          Case No. 2D18-4604
                                )
JAMES SHEWMAKER, III,           )
                                )
    Appellee.               )
_____)

Opinion filed November 1, 2019.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Lee County;
John S. Carlin, Judge.

Roy W. Foxall of Roy W. Foxall, P.A.,
Fort Myers, for Appellant.

Sarah Martin Oquendo of Coleman,
Hazzard, Taylor, Klaus, Doupé &
Diaz, PA, Naples, for Appellee.


NORTHCUTT, Judge.

        Lacie Shewmaker appeals the order denying her Florida Family Law Rule

of Procedure 12.540 motion to set aside the default judgment dissolving her marriage to

James Shewmaker.  We affirm the denial of the motion except with respect to parenting

and child support issues.

Ms. Shewmaker was defaulted in the parties' divorce proceeding and did not attend the final hearing. She later filed a motion for relief from the final default judgment that made only a conclusory assertion that she had meritorious positions regarding time-sharing and equitable distribution. As such, under traditional principles applicable to such motions, Ms. Shewmaker's motion was insufficient to warrant relief from the default judgment. See Geer v. Jacobsen, 880 So. 2d 717, 721 (Fla. 2d DCA 2004); Westinghouse Elevator Co. v. DFS Const. Co., 438 So. 2d 125, 126 (Fla. 2d DCA 1983).

However, it is well-settled in Florida that where, as here, a divorcing couple has a minor child, a court cannot enter a default final judgment without allowing the defaulting parent an opportunity to present evidence on issues related to the child:

> Generally, a decision to deny relief from a default judgment lies within the discretion of the trial court. Longo v. Longo, 576 So. 2d 402, 403 (Fla. 2d DCA 1991); Leinberger v. Leinberger, 455 So. 2d 1140, 1141 (Fla. 2d DCA 1984); Duckworth v. Duckworth, 414 So. 2d 562, 563 (Fla. 3d DCA 1982). Under most circumstances, a party seeking relief from a default judgment must demonstrate excusable neglect, a meritorious defense, and that the party acted with due diligence. Andrade v. Andrade, 720 So. 2d 551, 552 (Fla. 4th DCA 1998); Burke v. Reyes, 687 So. 2d 929, 929 (Fla. 3d DCA 1997).
>
> We have recognized, however, that the "best interest of the child" standard precludes a determination of child custody based on a parent's default. See Seibert v. Seibert, 436 So. 2d 1104, 1105 (Fla. 4th DCA 1983); see also Begens v. Begens, 617 So. 2d 360, 361 (Fla. 4th DCA 1993); Barnett v. Barnett, 718 So. 2d 302, 304 (Fla. 2d DCA 1998); Andrews v. Andrews, 624 So. 2d 391, 392 (Fla. 2d DCA 1993); Sloan v. Sloan, 604 So. 2d 862, 863 (Fla. 2d DCA 1992); Longo, 576 So. 2d at 403; Dellavecchia v. Dellavecchia, 547 So. 2d 287, 28[8] (Fla. 2d DCA 1989); Duckworth, 414 So. 2d at 563; Doane v. Doane, 279 So. 2d 46, 47 (Fla. 4th DCA 1973). In making a determination on

> child custody according to the best interests of the child "guidepost," the court should have the benefit of the testimony of both parents. Dellavecchia, 547 So. 2d at 28[8] (holding that, despite the mother's default, the issue of custody should be re-evaluated by the trial court on remand).

Armstrong v. Panzarino, 812 So. 2d 512, 514 (Fla. 4th DCA 2002). Thus, it was error to deny Ms. Shewmaker's motion for relief from the judgment in this regard. Although Ms. Shewmaker has not asserted this specific argument on appeal, the importance of courts' responsibilities to safeguard the best interests of children compels us to address it sua sponte. See Rhines v. Rhines, 483 So. 2d 4, 6 (Fla. 2d DCA 1985).

Accordingly, we reverse the portion of the final judgment concerning parenting and child support and remand for a new final hearing on those issues. The court also may, in its discretion, revisit any aspect of the dissolution judgment, including the distribution of marital assets, if it determines that the best interests of the child require such action. See Dellavecchia, 547 So. 2d at 288.

Affirmed in part, reversed in part, and remanded with instructions.

KHOUZAM, C.J., and KELLY, J., Concur.

- 3 -